JOSEPH A. MANAHAN, Respondent, *v.* PETROLEUM PRODUCING
AND REFINING COMPANY, Defendant.

HENRY P. BOPE, a Stockholder of the Defendant, Appellant.

First Department, July 1, 1921.

**Judgments — vacating judgment — judgment entered against corporation after president stipulated to withdraw answer — facts showing fraud committed by plaintiff and defendant's president — application to vacate judgment by stockholder who was also indemnitor on defendant's bond to vacate attachment.**

In an action against a corporation to recover for alleged commissions in the sale of its securities, it appeared that an attachment was issued which was subsequently discharged on the filing of an undertaking; that the defendant's president, without the knowledge of the attorney for the defendant, stipulated to withdraw the answer and to permit the plaintiff to enter judgment; that the plaintiff thereafter entered judgment, and that on an examination in bankruptcy of the defendant the plaintiff admitted that in the sale of the securities he was acting for another.

*Held,* on all the facts, that a fraud was perpetrated knowingly by the defendant's president and the plaintiff in the agreement to withdraw and the withdrawal of the answer and the consequent entry of judgment.

The appellant may invoke the power of the court to vacate the judgment in two capacities: As stockholder of the company to prevent a judgment being taken against it, by reason of the fraudulent action of its officers, for an unfounded claim; and also as the indemnitor of the surety on the undertaking given on the discharge of the attachment whereby he would be the person ultimately liable to pay.

APPEAL by Henry P. Bope, a stockholder of the defendant, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of February, 1921, denying his motion to vacate the judgment rendered against the defendant on the 30th day of December, 1920.

*Otto A. Gillig,* for the appellant.

*Jerome C. Jackson,* for the respondent.

PAGE, J.:

The plaintiff brought this action, alleging that he was employed by the defendant corporation to sell its securities upon a commission of twenty per cent upon the price for which

they were sold, and that pursuant to said agreement of employment the defendant became indebted to him in the sum of $13,360, payment of which had been demanded and refused. He procured attachment against the defendant, it being a foreign corporation. The attachment was discharged by the filing of an undertaking by a surety company to pay any judgment that might be recovered in the action, not to exceed $10,000. The appellant and one J. B. F. Herreshoff executed an agreement to indemnify the surety company. The defendant answered, denying each allegation of the complaint, except the residence of the plaintiff and its own incorporation, and counterclaimed for $220 money loaned.

The action was commenced on or about March 23, 1920. The attachment was discharged in April, 1920. On the 14th day of December, 1920, the following stipulation was executed:

" [Title of the Cause.] It is hereby stipulated and agreed that the answer heretofore interposed by the defendant be, and the same is, hereby withdrawn, and that the plaintiff is authorized to enter judgment on the summons and complaint in the above-entitled action for the relief prayed for therein.

" Dated New York, December 14th, 1920.

" PETROLEUM PRODUCING & REFINING CO.,

" [Corporate Seal.]      By W. A. STUART, *President.*   [L. S.]
"Attest:  J. G. ANDERSON, *Asst. Secretary.*   [L. S.] "

The affidavit and acknowledgment of the president is attached, wherein he says that the signature of the officers and the corporate seal " are affixed under the authority of the by-laws of the said corporation, and pursuant to the authority granted by the board of directors." The next day after the execution of this stipulation, W. A. Stuart resigned as president of the defendant. On December 30, 1920, judgment was ordered for the plaintiff and entered in the sum of $14,575.13. The attorney for the defendant in the action had no knowledge of the withdrawal of the answer and the consent to judgment, until he was served with notice of the application therefor.

On January 8, 1921, a petition was filed with the United States District Court for the Southern District of New York

for the adjudication of the defendant corporation as an involuntary bankrupt. In his examination before a special master in the bankruptcy proceedings the plaintiff practically admitted that he was employed by one Hynson, of the firm of G. G. Hynson & Co., and that the stock he sold was Hynson's stock, and that the defendant corporation did not receive the money for which the stock was sold; that when he negotiated for the withdrawal of the answer he knew the defendant was insolvent, and that the appellant and Herreshoff would have to pay the judgment; and that there was enmity between those gentlemen and himself. Stuart also admitted that he knew plaintiff had no claim against the defendant, and that his claim was against Hynson, and that he felt the judgment would be satisfied in some way by Hynson. These questions were put to him: " Q. You felt you were confessing a judgment against Hynson? A. Absolutely so. Q. Will you explain how you, as president of the Petroleum Producing & Refining Company, could confess a judgment against Hynson, whom you did not represent? A. * * * If I confessed judgment against the company, it would revert back to Hynson. He was the man who received the money and who should have paid it."

In his affidavit in opposition to this motion the plaintiff does not deny the admissions made by him nor does he attempt to explain them; he contents himself with the statement that if the entire testimony taken were presented a different impression would be created. Nor does he show that he has a meritorious cause of action against the defendant, but contents himself with the statement that he has documents to prove his case and does not feel that he should be obliged to show it by affidavit.

In support of the motion to vacate the judgment, George G. Hynson's affidavit is presented, giving a circumstantial and detailed account of his dealings with the plaintiff, showing that plaintiff was employed by him to sell, and such sales as plaintiff made were of his stock, and that the defendant had nothing to do with plaintiff's employment. The affidavit of the attorney for the defendant in the action is submitted, stating that Stuart had said he was familiar with plaintiff's claim and was convinced there was no liability on the part of

the company, and that he wanted the action vigorously defended, and that from his preparation of the answer and for trial, and from statements made to him by Hynson and by various officers and employees of the company, he verily believed the defendant had a good and substantial defense upon the merits to the cause of action stated in the complaint and to the whole thereof. Affidavits of directors are presented that the plaintiff was never in the employ of the company, that in the discussion of his claim it was always understood that the company had an absolute defense, and that no action was ever taken by the directors authorizing Stuart to withdraw the answer in the action.

These facts, taken with the failure of the plaintiff to disclose any facts tending to show a cause of action against the defendant, give rise to the belief that a fraud was perpetrated knowingly by Stuart and the plaintiff in the agreement to withdraw and the withdrawal of the answer and the consequent entry of judgment.

The plaintiff takes the position that the appellant, not being a party to the action, has no right to move to vacate the judgment. It is true that as a general rule none but parties to an action will be recognized as having any standing in court in relation to it; but this rule will yield where the process of the court is being abused.

" The general power of the Supreme Court to vacate, set aside, or modify even its final orders or judgments for sufficient reason and in the interests of substantial justice is well recognized, is not dependent upon any express statutory provision giving it that power, but is a power inherent in the court itself. The statement defining and recognizing this power most frequently adopted by the courts is found in the case of *Matter of City of Buffalo* (78 N. Y. 370). The court says: ' Courts have always control over their own proceedings, and where there is not express prohibition, may deal with them so that what is right and just may be reached.' Many instances of the exercise of this power are found in the reported cases. It is true that in many of these cases there appeared either fraud, excusable mistake, irregularity, or inadvertence. But the court is never limited in its action in setting aside or modifying its orders, decrees or judgments to any one or all of these

occasions for its exercise; but if it appears that substantial justice will be subserved, and injustice to persons, even though they be not in form parties to the proceeding, whose rights would otherwise be injuriously affected by the judgment, prevented, the court will set aside, correct or modify its judgment." (*Matter of Automatic Chain Co.*, 134 App. Div. 863, 866; affd., 198 N. Y. 618.)

The Court of Appeals has also said: " The whole power of the court to relieve from judgments taken through ' mistake, inadvertence, surprise or excusable neglect,' is not limited by section 724 [of the Code]; but in the exercise of its control over its judgments it may open them upon the application of any one for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent." (*Ladd* v. *Stevenson*, 112 N. Y. 325, 332. See, also, *Lowber* v. *Mayor, etc.*, 26 Barb. 262.)

The appellant has standing to invoke this power of the court in two capacities: As a stockholder of the company to prevent a judgment being taken against it, by reason of the fraudulent action of its officers, for an unfounded claim; and also as the indemnitor of the surety on the undertaking whereby he would be the person ultimately liable to pay. The right of stockholders to be allowed to intervene and defend an action in the name of the company on behalf of themselves and others similarly situated has frequently been recognized. (*Bronson* v. *La Crosse R. R. Co.*, 2 Wall. 283.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, vacating and setting aside the judgment, and allowing Henry P. Bope as a stockholder to intervene and defend the action on behalf of the corporation, with ten dollars costs.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted as stated in opinion, with ten dollars costs.