JENNIE L. INGO, Plaintiff, *v.* GEORGE A. CASEY, as Sheriff of Westchester County, KYLIAN KOCH and Others, Defendants.*

Supreme Court, Special Term, Westchester County November 9, 1940.

*Isidor Lazarus*, for the plaintiff.

*William A. Davidson, County Attorney [Francis J. Morgan, Deputy County Attorney,* of counsel], for the defendants.

ALDRICH, J. Plaintiff brings this action against the defendant Casey, as sheriff of Westchester county, the defendant Koch as deputy sheriff of Westchester county, and Thomas Mathews to recover money damages. The plaintiff moves to change the place of trial from the county of Westchester to some other county upon the ground that an impartial trial cannot be had in Westchester county. The moving papers do not set forth any specific facts from which it might be inferred generally that a proper trial cannot be had in Westchester county. It does not affirmatively appear that any alleged newspaper article, of which the number seems to have been quite limited, was calculated to or might be reasonably construed as creating any public sentiment against the plaintiff or from which it might be inferred that by reason of such publicity a fair and impartial trial cannot be had. The suggestion that Mr. Justice NOLAN may be called as a witness is not of any particular significance. His participation appears to have been in a judicial capacity and whatever he signed is a matter of record. He is not a party to the action. Nor does any testimony on his part appear to be either material or necessary. The only specific objection, aside from generalities, presented by the plaintiff to a trial in Westchester county is the contention that the sheriff participates in the selection and notification of jurors and that deputy sheriffs are in charge of a jury during its deliberations, etc. Such a matter can be easily regulated by the trial justice. The selection of jurors in Westchester county is covered by chapter 232 of the Laws of 1904 (1 McKinney's Unconsolidated Laws, §§ 1695-e, 1695-e-38 inclusive). Under those sections the sheriff has a duty to perform in connection with the drawing and notification of jurors, etc. At any time during the sitting of a term of a court of record, the court may direct an additional number of trial jurors to be drawn for that term, etc. (§ 1695-e-13.) In an action or special proceeding to which the sheriff of a county is a party, a coroner of the same county has all the power and is subject to all the duties of a sheriff in a cause to which the sheriff is not a party. (County Law, § 196.) There is also the general provision of the Judiciary Law that at a Trial Term of the Supreme Court, etc., an order may be made by the court for drawing and notification of any number of trial jurors which the court deems necessary, etc. (Judiciary Law, § 528.) The office of coroner has been abolished in Westchester county. (Laws of 1925, chap. 139.) In the place of such office by that act there was created the office of county medical examiner. A medical examiner by that act exercises all the powers and performs

all the duties of a coroner except as therein otherwise provided. The actual and necessary expenses incurred in the performance of his official duties are made charges against the county. When this case is reached for trial the court can direct the drawing and notification of such additional jurors as may be required and in such procedure the medical examiner takes the place of the sheriff. For the designation of court officers to take charge of the jury, etc., so far as the sheriff would otherwise perform the functions, the medical examiner has the same power. This ground of the motion suggested by the plaintiff is quite imaginary and not real. The procedure indicated by the court has been followed in at least one other case to the knowledge of the court and there is no reason why it cannot be followed here. The mere fact that a party to an action is of some prominence or holds an official position in the county does not justify an inference that an impartial trial cannot be had in that county. There is nothing in the papers presented to justify such a conclusion here. The motion is denied. Present order.