GEORGE A. ARKWRIGHT, Appellant, *v.* WILLIAM F. C. STEINBUGLER, Respondent.

Second Department, March 8, 1954.

*William A. Hyman* and *Harold W. Hayman* for appellant.

*Walter G. Evans* and *Joseph Kane* for respondent.

*Per Curiam.* The motion for a change of venue was made on the ground that there was " good and valid reason to believe " that an impartial trial could not be held in Kings County and that the ends of justice would be promoted by the change of venue. Counsel for the defendant, while disclaiming any intention to infer that any justice of the Supreme Court would be other than impartial, has nevertheless asserted that in view of plaintiff's position and his " close brotherly friendship with all the Justices on the Bench ", it might be difficult for any justice presiding at the trial to maintain an absolutely impartial attitude. The learned Justice at Special Term, before whom the motion came on to be heard, although of the opinion that an impartial trial could be had in Kings County, granted the motion in view of the close friendship which existed between plaintiff and his associates of the bench, and because of the embarrassment which might result, if one of plaintiff's associates should be called upon to preside at the trial.

In our opinion the motion was properly granted. We have no doubt that any of the justices of the Supreme Court, in Kings County, before whom this action might come on for trial, would make every possible effort to afford the defendant a fair and

impartial trial, and we do not ascribe to the plaintiff any intention or desire to obtain an advantage through a trial in the county of his residence. We are mindful, however, of the natural reluctance of the defendant to proceed to trial before a judge who, without the slightest inclination but to do justice, might nevertheless find some embarrassment in ruling against the plaintiff, upon the important issues which must arise on trial. We are also mindful of the disadvantage the defendant might suffer if he were required to proceed to trial in the atmosphere of a courtroom in which the plaintiff has so often presided. No matter how conscientious they may be, jurors are but individuals, and may be subject to influences of which they themselves may often be unaware. Defendant does not fear that anyone will intentionally do him an injustice. His objection is that an unconscious bias may exist, which might operate to his disadvantage. We are of the opinion that he should not be required to assume that risk. Whether such bias may or may not exist, there is at least a possibility that the defendant's rights would have been prejudiced if his motion had been denied. Such being the case, the reasonable ground for belief, required by the statute (Civ. Prac. Act, § 187, subd. 2) has been established. (Cf. *People* v. *McLaughlin,* 150 N. Y. 365, 379–380, and *People* v. *Haas,* 105 App. Div. 119, 122.)

There is, moreover, another consideration which undoubtedly influenced the decision at Special Term, and which impels us to hold that a trial of this action in Kings County would be improper, namely, the reputation of the courts for strict impartiality in the administration of justice. That reputation may be better maintained, under the circumstances here presented, by avoiding even the slightest ground for suspicion as to the fairness of the trial. (Cf. *People* v. *Haas, supra,* p. 123; *Barnes* v. *Roosevelt,* 164 App. Div. 540, and *People ex rel. Roe & Roe* v. *Suffolk Common Pleas,* 18 Wend. 550.)

It is our opinion, however, that the ends of justice and the convenience of the parties and their witnesses will be better served if the trial shall be held in New York County, as was requested by the defendant. In so holding we intend no criticism of the decision at Special Term, which was justified in the light of the arguments there presented. However, plaintiff's objections insofar as they were directed specifically to New York County as the place of trial can now be obviated.

The order appealed from should be modified so as to provide for the change of the place of trial of the action to New York County, and for the transfer of the papers filed in the action

to that county in accordance with the provisions of section 188 of the Civil Practice Act, and as so modified should be affirmed, without costs.

NOLAN, P. J., MACCRATE, SCHMIDT, BELDOCK and MURPHY, JJ., concur.

Order modified so as to provide for the change of the place of trial of the action to New York County, and for the transfer of the papers filed in the action to that county in accordance with the provisions of section 188 of the Civil Practice Act, and as so modified, affirmed, without costs. Settle order on notice. [See *post*, p. 873.]