William P. McCooe, J.
In this proceeding commenced by *895 Edward Thompson, Justice of the Supreme Court, Deputy City Administrative Judge, Civil Division, Supreme and Civil Courts, pursuant to section 217-a of the Judiciary Law, petitioner has moved for disclosure in the form of discovery and production of documents and things for inspection and copying under CPLR 3120 and oral examination under CPLR 3107. In opposition to petitioner’s motion, respondents have challenged the constitutionality of section 217-a of the Judiciary Law, and have raised other issues which must be decided antecedent to reaching the disclosure issue.
The respondents contend that section 217-a of the Judiciary Law creates new grounds for vacating and setting aside default judgments beyond those grounds embraced by the concept of the inherent power of the courts over their own proceedings. A reading of the cases cited by the parties herein demonstrates not only the existence of the courts’ inherent power, but also the absence of a limitation as to the grounds for the exercise of that power.
Courts have traditionally controlled their own judgments and orders to accomplish what is "right and just.” When the power of the courts has been exercised for "sufficient reason, in the furtherance of justice,” it is clear that the courts speaking did not recognize and would not permit one particular ground, such as extrinsic fraud, or the lack of jurisdiction, to serve as the exclusive basis for the power to review their own processes. (See, e.g., Matter of City of Buffalo, 78 NY 362; Ladd v Stevenson, 112 NY 325; Manahan v Petroleum Producing & Refining Co., 198 App Div 192.)
As stated in Manahan (supra, pp 195-196): "the court is never limited in its action in setting aside or modifying its orders, decrees or judgments to any one or all of these occasions for its exercise; [fraud, excusable mistake, irregularity or inadvertence] but if it appears that substantial justice will be subserved, and injustice to persons * * * [be] prevented, the court will set aside, correct or modify its judgment.”
Section 217-a of the Judiciary Law has not created new and additional grounds to control court processes beyond those grounds courts have always possessed. Rather, this section codifies an illustrative, but by no means complete, list of recognized, valid grounds on which the courts have properly based their power in the past.
Section 217-a was not intended to either enlarge or impair substantive rights. The statute is remedial and was designed *896 to implement orderly procedures by which an expressed public interest can be given representation in the courts where, at first instance, that interest may have been wronged. Such statutes have been upheld by the United States Supreme Court. (See McGee v International Life Ins. Co., 355 US 220.)
The respondents contend that section 217-a of the Judiciary Law cannot be applied retroactively and that it expressly became effective on January 1, 1974. As has been shown, the power to control and review its processes has historically been inherent to the courts. The courts in which the actions underlying this proceeding were originally brought have always had the authority to look into the subject processes. Section 217-a expressly provides: "that nothing herein shall be deemed to restrict or limit the court in the exercise of any of the powers it otherwise possesses.”
By applying this statute to actions commenced and default judgments entered prior to January 1, 1974, the court would in no way be exercising a power greater than that which it already possessed at the time of the section’s effective date. The statute is merely a codification of the powers already possessed.
Section 217-a of the Judiciary Law was enacted to aid in the ferreting out of abuses of court process which have occurred and which may occur in the future. Accordingly, the effectuation of its intent calls for its retroactive application. (See McGee v International Life Ins. Co., supra; Laird v Carton, 196 NY 169; Matter of Busch v Austin Co., 37 AD2d 648.)
Respondents further contend that the instant action is barred in whole or in part by the Statutes of Limitation. It is the court, not the individual defendants in the underlying actions, who is bringing this proceeding. The court itself, as opposed to private parties, is not subject to limitations of time. Particularly where the wrong alleged involves a possible injustice in the use of the court’s own processes, no Statute of Limitations would be applicable or appropriate.
Section 217-a of the Judiciary Law is seen as a codification of the existing inherent power of the court. That power, if it cannot be limited in its grounds for exercise, can be no less unrestricted in its independence from time, limitations. It has been stated that: "Courts have always control over their own proceedings,” (Matter of City of Buffalo, 78 NY 362, 370, supra) and "The power of the court to control its judgments * * * is not subject to the limitation of time” (Furman v *897 Furman, 153 NY 309, 314; see, also, Matter of Lyons v Goldstein, 290 NY 19; Manahan v Petroleum Producing & Refining Co., supra; Root Refining Co. v Universal Oil Prods. Co., 169 F2d 514, cert den sub nom. Universal Oil Prods. Co. v Whitman Co., 335 US 912).
If, arguendo, any of the limitations of time prescribed in CPLR article 2 could be considered applicable to the instant proceeding, the grounds specified in CPLR 213 (subd 9) would be closest to the nature of the grounds described in section 217-a of the Judiciary Law. Under CPLR 213 (subd 9), in which a six-year limitation to the commencement of an action based on fraud is called for, the time period begins to run from the point at which the plaintiff discovered or should have discovered the fraud. As the subject proceeding deals with allegations of fraud practiced on the court, and such fraud is alleged not to have been discovered until January 23, 1973, commencement of this action on July 17, 1975 would preclude a time-bar based on the six-year limitation of CPLR 213 (subd 9).
The point is also raised by respondents that CPLR 5015, providing for relief from a judgment or order, allows a party only one year in which to vacate a default judgment. This one-year limitation does not apply to the court itself, which, as it has been shown, has the power to review its judgments at any time.
Respondents contend that section 217-a of the Judiciary Law is violative of due process and the Civil. Court is disqualified from hearing this proceeding. Section 217-a of the Judiciary Law provides that an Administrative Judge may bring a proceeding to set aside judgments obtained through abuse of the courts within his responsibility, pursuant to section 217 of the Judiciary Law. Section 217-a mandates that a Judge other than the Administrative Judge shall determine the disposition of the proceeding. Such transfer to a Judge other than the Administrative Judge has been carried out in the instant case.
Any Judge of the Civil Court hearing a proceeding instituted pursuant to section 217-a of the Judiciary Law sits only as the impartial adjudicator of the evidence and law presented before him with no personal involvement in the matter beyond that demanded and undertaken by him in his sworn responsibility to do justice for all parties who may come before him. The fact that a statute has provided a procedure to determine whether justice has been done in the past in no *898 way vitiates the integrity of those who must make that determination.
The cases cited by respondent do not convince the court otherwise. The facts of such cases as Commonwealth Corp. v Casualty Co. (393 US 145), Turney v Ohio (273 US 510), Wong Yang Sung v McGrath (339 US 33) and Arkwright v Steinbugler (283 App Div 397) deal with situations unlike the instant proceeding where the primary interest of the Administrative Judge, as well as that of the Judge hearing the matter, is only that substantial justice was and is done, regardless of who may ultimately prevail on the merits.
Respondents further contend that section 217-a of the Judiciary Law is unconstitutional in failing to afford a trial by jury of the issues raised by a proceeding thereunder. The statute, on its face, does not address itself to the matter of a jury trial. It would be premature, however, to determine that issue at this time as no demand for a trial by jury has been made.
Accordingly, this court after consideration of the purposes to be accomplished under section 217-a of the Judiciary Law, recognizing the long-established inherent power of the court to supervise its own processes, finds that section to be a valid and constitutional legislative expression of the court’s power.
The motion of Attorney-General Lefkowitz to intervene, pursuant to CPLR 1012 (subd [b]), is granted. Respondents, by their reply memorandum, filed October 22, 1975, do not challenge this right of the Attorney-General.
Respondents further contend that the petition fails to state a cause of action. The court finds that the allegations of the petition raise sufficient issues to warrant the instant proceeding. (See Foley v D'Agostino, 21 AD2d 60; Richardson v Coy, 28 AD2d 640.)
Petitioners have moved for disclosure in the form of discovery and production of documents and records for inspection and copying, pursuant to CPLR 3120, and simultaneously for oral examination, pursuant to CPLR 3107. The courts have stated a policy that the: "proper procedure requires that a party first ascertain by means of an examination * * * [the identity and necessity of documents and things] and then to serve a notice to discover specifically identified documents. The right to discover and inspect such , documents can then be intelligently adjudicated.” (Rios v Donovan, 21 AD2d 409, 414; Wood v Sardi’s Rest. Corp., 47 AD2d 870.)
*899 We favor the procedure by which an examination before trial is conducted prior to discovery under CPLR 3120. If information is elicited at the oral examination which would necessitate the further discovery and production of documents and records for inspection and copying, then a motion pursuant to CPLR 3120 can be made.
Accordingly, petitioner’s motion is granted to the extent of permitting oral examination pursuant to CPLR 3107. Petitioner’s motion for discovery and production of documents in the possession, custody or control of respondents, pursuant to CPLR 3120, is denied without prejudice to renewal should a need for further disclosure be necessary, specifying with reasonable particularity the matters sought to be discovered and produced.
The respondents shall appear for examinations before trial in the order named in the petition commencing on January 15, 1976 at 10:00 a.m. at Special Term, Part 2, of this courthouse or such other date mutually agreeable to the parties. Agreements between the parties regarding production of documents will obviate unnecessary motions.
Petitioner’s motion is granted as modified. Respondents’ cross motion is denied. Motion to intervene granted.
Petitioner shall serve a copy of this order on all respondents by ordinary mail.