■ DEBRA LOMBARDONI et al., Appellants, v JUDY BOCCACCIO et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (White, J.), entered January 13, 1989 in Fulton County, which, *inter alia,* denied plaintiffs' cross motion for summary judgment.

Plaintiffs commenced this action essentially alleging false arrest, abuse of process and the intentional infliction of emotional distress following a series of events which led to the arrest of plaintiff Debra Lombardoni (hereinafter plaintiff) in December 1982 by a member of the City of Johnstown Police Department in Fulton County. Plaintiff is the natural mother of an infant, Jeremy, and plaintiff Louis Lombardoni is plaintiff's husband and the adoptive father of Jeremy. Defendant Judy Boccaccio is Jeremy's paternal grandmother and the mother of Jeremy's natural father, who committed suicide in December 1981. In July 1982, following submission of a petition by Boccaccio, Family Court issued an order, based upon a stipulation of the parties, granting Boccaccio visitation with Jeremy one weekend per month.

However, when Boccaccio wrote to plaintiff in November 1982 to advise her that she would be coming to town to

exercise her visitation rights on the weekend of December 11, 1982, plaintiffs wrote back that Boccaccio could not see Jeremy in December and that if she wanted to see the boy in the future Boccaccio should consult her attorney. In response to this communication, Boccaccio obtained an order to show cause from Family Court returnable January 3, 1983 as to why the court should not issue an order awarding custody and/or visitation of Jeremy to Boccaccio. The order further provided that Boccaccio "is entitled to visitation with said infant from 10:00 a.m., December 11, 1982 to 6:00 p.m., December 12, 1982 * * * and [plaintiff] is directed to make said infant available * * * for such purpose".

Nonetheless, when Boccaccio went to plaintiffs' home on December 11, 1982 for her scheduled visitation no one was home. After returning to the residence at least one other time to find no one there, Boccaccio sought and obtained, through her attorney, defendant Terrence M. Walsh, an order and warrant of arrest directing that plaintiff, who was at work, be seized and detained until Jeremy was produced. Plaintiff remained in jail for several hours until her husband produced Jeremy at the jail, turned him over to Boccaccio, and allowed Boccaccio to conduct her visitation. Notably, at his examination before trial, plaintiff's husband admitted that he had deliberately taken Jeremy shopping on the scheduled day of visitation rather than making him available because he felt that visitation with Boccaccio damaged his relationship with Jeremy. However, he also stated that he had not told his wife of his plans that day.

This action was commenced by plaintiffs against several defendants, including a City of Johnstown police officer, the city and the Fulton County Family Court Judge who issued the arrest order. However, the action against the latter three parties was discontinued leaving only Boccaccio and Walsh as defendants. Issue was joined and counterclaims were interposed. Walsh moved for the disqualification of plaintiffs' attorney and plaintiffs cross-moved principally for summary judgment and change of venue. Supreme Court denied Walsh's motion as well as plaintiffs' cross motion. This appeal by plaintiffs followed.

We affirm. Summary judgment is a drastic remedy and "should not be granted where there is any doubt as to the existence of a triable issue" (*Moskowitz v Garlock*, 23 AD2d 943, 944; *see, State Bank of Albany v McAuliffe*, 97 AD2d 607, *appeal dismissed* 61 NY2d 758). Here, Supreme Court correctly denied plaintiffs' cross motion for summary judgment

since several outstanding questions of fact surround defendants' liability for the alleged torts. All three alleged torts, false imprisonment, abuse of process and intentional infliction of emotional distress, are intentional torts. Although plaintiffs contend that there are no outstanding questions of fact, including defendants' intent to commit these torts, the record shows otherwise. Defendants also effectively dispute plaintiffs' allegations for summary judgment purposes (see, CPLR 3212 [b]). Therefore, their resolution must await trial.

We also reject plaintiffs' contention that they are entitled to summary judgment because Family Court allegedly lacked subject matter jurisdiction to entertain Boccaccio's original application for visitation rights because the word "visitation" was not formally added to Family Court Act § 651 (b) until 1983 (see, L 1983, ch 250, § 1). This argument clearly lacks merit since this court ruled prior to 1983 that the word "custody" as found in another section of Family Court Act article 6 also embraced "visitation", a lesser term, "and a proceeding to enforce rights of visitation is properly brought in Family Court" (McMahon v Thompson, 68 AD2d 68, 70, appeal dismissed 48 NY2d 655). It is clear in any event that whether Family Court possessed subject matter jurisdiction to entertain an application for visitation for a grandmother is wholly irrelevant to the question of whether defendants in this case are liable for the alleged torts. Accordingly, summary judgment was properly denied.

Finally, we agree with Supreme Court that plaintiffs were not entitled to a change of venue because the father of one of the defendants in this case, Walsh, was once the resident Supreme Court Justice in Fulton County. Justice Walsh is now retired and there is no compelling reason to believe that plaintiffs cannot receive an impartial trial in the present venue (see, CPLR 510 [2]).

Order affirmed, with one bill of costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.