■ HAROLD J. ROTHWAX et al., Respondents, v DAVID SPICE-HANDLER et al., Appellants.—Order of the Supreme Court, New York County (Charles E. Ramos, J.), entered on October 12, 1989, which denied defendants' motion for a change of venue pursuant to CPLR 510 (2) from New York to Westches-

ter County, and directed that, upon the filing of the note of issue and statement of readiness, the matter be assigned for trial or other disposition to an upstate Judge then sitting in New York County, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the motion to the extent of placing venue in Kings County and, except as so modified, affirmed, without costs.

Plaintiff Harold J. Rothwax is an acting New York County Supreme Court Justice. He was allegedly injured while bicycling in midtown Manhattan and, thereafter, commenced this negligence action to recover damages. The defendants have moved to change the venue of the action, properly set by the plaintiff in New York County where he resides, to Westchester County, the county in which the defendants reside. In support of their motion, the defendants urge that the appearance of impropriety will be unavoidable if Judge Rothwax is permitted to litigate his case before his New York County brethren. While we have in the past declined to interfere with an exercise of discretion pursuant to which an action brought by a sitting New York County jurist was permitted to be tried within that county (see, *Midonick v Peppertree Hill Dev. Corp.,* 49 AD2d 721), we think that the better course, in order to avoid any possible appearance of impropriety, is to move the action to a different venue (see, *Arkwright v Steinbugler,* 283 App Div 397; *Seifert v McLaughlin,* 15 AD2d 555; *Burstein v Greene,* 61 AD2d 827). A venue change would seem to us preferable to having the matter tried before an upstate Judge sitting in New York County, as directed by the motion court, because that alternative to removal, while sensible as far as it goes, does not foreclose the possibility that the matter will, in either pretrial or posttrial proceedings, come before one or more of plaintiff's New York County colleagues.

While we are of the view that a change of venue is necessary, it should, of course, be achieved without unduly inconveniencing witnesses, most of whom presumably reside in New York County. Accordingly, we think that venue should be placed in Kings County which is, of course, adjacent to New York County, rather than the more distant County of Westchester. Concur—Murphy, P. J., Rosenberger, Kassal and Wallach, JJ.