■ AL-CARE, C.S.W., P.C., et al., Respondents-Appellants, v BLUE SHIELD OF NORTHEASTERN NEW YORK, INC., Appellant-Respondent, et al., Defendant.—Harvey, J. Cross appeals from an order of the Supreme Court (Cheeseman, J.), entered March 15, 1990 in Albany County, which, inter alia, denied plaintiffs' motion for summary judgment and the cross motion of defendant Blue Shield of Northeastern New York, Inc. for summary judgment dismissing the complaint against it.

On January 1, 1987, plaintiff Rosemary Hamilton entered into a Care Plus Health Care insurance contract with defendant Blue Shield of Northeastern New York, Inc. that also covered her husband and son as her dependents. Of significance here, the contract contained a rider (mandated by Insurance Law § 4303 [k] [l]) that provided the insured with coverage for alcohol and substance abuse treatment. The rider indicates that it is governed by the terms of the contract, unless a particular term is specifically changed by the rider. In February 1987, Hamilton's husband began receiving treatment for alcoholism from plaintiff Al-Care, C.S.W., P.C., a treatment center licensed by the New York Division of Alcoholism and Alcohol Abuse. Family counseling was also provided for the remaining members of the Hamilton family. Al-Care submitted a bill for the services it provided totaling approximately $3,000 directly to Blue Shield.

Blue Shield denied benefits to plaintiffs, however, based upon section five of Hamilton's main contract which states, in part: "A. Pre-Existing Conditions. A pre-existing condition is either a condition, disease or ailment: * * * 2. Which caused symptoms within one year prior to the effective date of this Contract which would normally have caused a prudent person

to seek medical treatment or advice. This rule applies even though you did not seek treatment or advice." Blue Shield determined that Al-Care's treatment, which was initiated on February 5, 1987, allegedly stemmed from a preexisting condition that caused symptoms between January 1, 1986 and January 1, 1987 which would have caused a prudent person to seek medical advice. Blue Shield based this determination on information gathered through a questionnaire presented to Al-Care by Blue Shield which stated, among other things, that Hamilton's husband, although previously untreated, had "been drinking heavily since last seven years. Has had blackouts and accompanying physical abuse of spouse."

Thereafter, the Hamiltons and Al-Care initiated this declaratory judgment action against Blue Shield and defendant State Insurance Department seeking damages for breach of contract and other declaratory relief. Following joinder of issue, plaintiffs moved for summary judgment. Defendants then cross-moved for summary judgment dismissing the complaint. Supreme Court granted the State Insurance Department's motion but denied the motion of plaintiffs and Blue Shield. These cross appeals ensued.

We affirm. It is axiomatic that "[s]ummary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue * * * or where the issue is arguable" (Passonno v Hall, 125 AD2d 767, 768 [citations omitted]; see, Lombardoni v Boccaccio, 160 AD2d 1089). Here, Supreme Court correctly found that material issues of fact were presented which justified denial of the applicable parties' cross motions for summary judgment (see, CPLR 3212 [b]). The parties vigorously contest whether the behavior exhibited by Hamilton's husband within one year prior to the effective date of the subject insurance contract were symptoms which would normally have caused a prudent person suffering those symptoms to seek medical advice. While Blue Shield contends that it is apparent as a matter of law that members of the Hamilton family suffered such symptoms, plaintiffs reason that alcoholics are not capable of meeting the prudent person standard and should not be held to that standard as a matter of law. We can agree with neither of these assertions based on the evidence before us.

While plaintiffs, who submitted significant evidence devoted to the topic of alcoholism, aptly point out that denial concerning the existence of a drinking problem is a common practice with alcoholics (see, McCord v Time Ins. Co., 521 So 2d 558 [La]), it is also true, as Supreme Court notes, that alcoholics

can and do seek such assistance even before they are diagnosed as alcoholics. Accordingly, it would be exceedingly inappropriate for this court to rule that an alcoholic is absolutely incapable of ever being prudent with respect to seeking medical help. We deem it more appropriate in cases such as this one to have the facts of each claim examined on a case-by-case basis with full benefit of all the relevant facts and testimony *(see, e.g., supra)*. In that way, alcoholic claimants will not be automatically denied benefits to which they might otherwise be entitled. Moreover, in this way the purpose of the waiting period, which allows insurers to calculate their risks, will not be defeated. Since questions of fact remain as to what symptoms the entire Hamilton family displayed during the waiting period and whether, given such symptoms, a prudent person would have sought medical help, this case should properly be sent to a jury.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.