■ B-S Industrial Contractors, Inc., Respondent, v Town of Wells, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (White, J.), entered June 29, 1990 in Hamilton County, which, *inter alia,* denied defendant's motion for partial summary judgment dismissing the first cause of action in the amended complaint.

This action stems from a contract entered into between the parties in April 1987 regarding a public works project in Hamilton County known as the Lake Algonquin Hydroelectric Project. Following competitive bids for the project, plaintiff successfully submitted a lump-sum bid to perform the equipment installation and the construction of the project. Pursuant to the contract, defendant was to pay plaintiff $1,798,200 in installments. Plaintiff claims that it completed its work under the contract by the date set forth in the parties' agreement. Plaintiff further contends that, prior to the completion of the original work, defendant's engineers requested that it perform extra work not set forth in the contract, for which it then claimed it was owed an additional amount of almost $200,000. When this money was not forthcoming, plaintiff commenced suit seeking the extra compensation as well as the unpaid balance of $122,096 that defendant refused to pay pursuant to the original contract. Following joinder of issue defendant moved for partial summary judgment, princi-

pally seeking the dismissal of plaintiff's breach of contract claim on the basis that plaintiff allegedly failed to perform a condition precedent in the contract. Finding questions of fact on this issue, Supreme Court denied defendant's motion. This appeal followed.

We affirm. As we have repeatedly stated, "[s]ummary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue" *(Passonno v Hall,* 125 AD2d 767, 768; *see, Al-Care, C.S.W. v Blue Shield,* 169 AD2d 909). The court's focus is on issue finding, not issue solving, and all competent evidence must be viewed in the light most favorable to the party opposing the motion *(Passonno v Hall, supra,* at 768). Here, although both parties take pains to cite various clauses in their contracts which allegedly support their respective positions, it is apparent that Supreme Court correctly found that the issues must be resolved at trial. Although defendant maintains that plaintiff did not follow certain procedures in the contract that would entitle it to payment, plaintiff's papers sufficiently raise enough doubt on this issue that summary resolution at this point would be improper *(see,* CPLR 3212 [b]).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Crew III and Harvey, JJ., concur.