■ ELANA J. SAXE et al., Respondents, v OB/GYN ASSOCIATES, P. C., et al., Appellants. [623 NYS2d 223] —Order, Supreme Court, New York County (Stanley Ostrau, J.), entered May 26, 1994, which, *inter alia,* granted plaintiffs' motion pursuant to CPLR 510 (2) and (3) for a change of venue from New York County to Kings County, affirmed, without costs or disbursements.

It was not an abuse of discretion for the Administrative Judge to direct transfer of this action to Kings County, which is adjacent to New York County, rather than the more distant County of Westchester *(Rothwax v Spicehandler,* 161 AD2d 184).

As in this case, the plaintiff in *Rothwax* was sitting as a Supreme Court Judge in New York County, the cause of action arose in New York County, the acts at issue having occurred in that county, and most of the witnesses were located in New York County. Even though both of the defendants in *Rothwax* were Westchester residents, this Court found Kings County to be a more appropriate forum because its proximity to New York County was more convenient for both the witnesses and the parties *(supra; see also, DeLuca v CBS Inc.,* 105 AD2d 770; *Burstein v Greene,* 61 AD2d 827).

Here, at the time the action was commenced, five defendants resided in Westchester. By 1993, only three of the fourteen defendants resided there. All of the individual defendants worked in New York County. As previously stated, all of

the acts complained of occurred in New York County. It is undisputed on this record that, at the inception of the action, plaintiff had no knowledge of any other proper venue.

The trial court properly applied our holding in *Rothwax* to a set of similar facts to reach the conclusion that Kings County was a proper forum in this case. There is no significant difference in the facts. It should further be noted that the position of a majority of the defendants has consistently been that New York County is an appropriate forum for this trial. Concur—Rosenberger, Kupferman and Rubin, JJ.

Sullivan, J. P., and Ross, J., dissent in a memorandum by Sullivan, J. P., as follows: While we agree that this medical malpractice action cannot remain in New York County, we find no basis for granting plaintiffs' motion to transfer it to Kings County. We would transfer the action to Westchester County. Accordingly, we dissent.

At the time the action was commenced five of the defendant doctors were residents of Westchester County, four resided in New York County, one resided in Nassau County, another in Suffolk County and still another resided in New Jersey. None of the parties resided in Kings County. Plaintiffs could have placed the venue of this transitory action in any of the counties in which one of the parties resided *(see,* CPLR 503 [a]), but there was no basis for placing venue in Kings County *(ibid.)* While plaintiffs had a legal right to choose New York County, that county was and is an inappropriate forum, given the fact . that the plaintiff father is a New York County Supreme Court Justice *(see, Rothwax v Spicehandler,* 161 AD2d 184).

If plaintiffs' first choice of venue is not appropriate, they are not entitled to an alternate selection of a venue which has no nexus to the lawsuit and in which they could not have originally venued the action *(see,* CPLR 503 [a]). It is noted in this regard that the highest average verdicts in New York City for the type of injury involved herein are recorded in Kings County *(see, Venue Crucial to Tort Awards,* NYLJ, Apr. 4, 1994, at 1, col 6). While this Court in *Rothwax (supra),* transferred an action involving a plaintiff who was a sitting New York County Judge to Kings County to avoid the appearance of impropriety, it was the defendants, not the plaintiffs, who moved for the change of venue, requesting a transfer to Westchester, the county of their residence. Thus, the plaintiffs in *Rothwax* did not attempt to do by indirection that which they were prohibited from doing directly.