*822 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, plaintiffs’ motion to transfer the action to Kings County denied, and the matter remitted to Supreme Court, New York County, for further proceedings not inconsistent with this memorandum. The certified question is answered in the negative.
Where one of the parties to the action commenced in New York County is a Supreme Court Justice in that jurisdiction, the Appellate Division did not abuse its discretion in transferring the action out of New York County pursuant to CPLR 510 (2), to avoid concerns about the appearance of impropriety (see, Rothwax v Spicehandler, 161 AD2d 184; De Luca v CBS, Inc., 105 AD2d 770).
In light of the express legislative preference for actions being tried in proper counties (see, CPLR 502, 503, 510 [1]; 511 [b]), however, a court must, whenever possible, transfer an action under CPLR 510 to a county in which the action properly could have been commenced. Kings County, requested by plaintiffs, is an improper county for commencing the action under CPLR 503 (a). Therefore, the court should have transferred the action to Westchester County, the county requested by defendants, or one of the other proper alternative forums in which various defendants resided at the commencement of this action.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.