■ ARTHUR M. HANDLER, Respondent, v 1050 TENANTS CORP., Respondent, and STEVEN R. LAPIDUS et al., Appellants. (And Another Action.) [744 NYS2d 161] —Orders, Supreme Court, New York County (Marylin Diamond, J.), entered August 14, 2001 and October 2, 2001, which, inter alia, denied the motion of the Lapidus defendants for a change of venue and granted the motion of plaintiff Arthur M. Handler to preliminarily enjoin defendants Steven Lapidus and Iris Lapidus from operating the two water-cooled air conditioning units in their apartment, unanimously affirmed, without costs.

Plaintiff, an attorney, resides in an apartment immediately below the Lapidus defendants, also attorneys, at 1050 Park Avenue, a cooperative building owned by 1050 Tenants Corp. In May 2000, 1050 Tenants Corp. commenced an action for injunctive relief, alleging that the Lapiduses' air conditioning units interfered with the rights of plaintiff since water repeatedly leaked into the Handler apartment due to defects in the units, causing damage to the apartment and personal property.

That complaint alleged that the air conditioning system was installed without the written consent of the cooperative's board of directors as required by the lease agreement. Following dismissal on statute of limitations grounds, Handler commenced this action in May 2001 seeking, inter alia, preliminary and permanent injunctive relief based on nuisance and a breach of the Lapiduses' proprietary lease. The IAS court granted a preliminary injunction in August 2001 against the Lapiduses enjoining them from using their air conditioning system. Thereafter, the two actions were consolidated. This Court reversed the dismissal of the action brought by 1050 Tenants Corp., finding that the Lapiduses' alleged actions amounted to a continuous or recurring wrong (*1050 Tenants Corp. v Lapidus*, 289 AD2d 145).

Plaintiff's motion for preliminary injunctive relief was properly granted since, as the IAS court found, the evidence amply demonstrates "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor (*Grant Co. v Srogi*, 52 NY2d 496, 517)" (*Doe v Axelrod*, 73 NY2d 748, 750). Uncontroverted evidence, including testimony of the Lapiduses' own expert, David Glickman, an air conditioning specialist, showed that operation of the Lapiduses' air conditioners has resulted in a substantial, intentional and unreasonable interference with plaintiff's use and enjoyment of his apartment and, thus, will likely be found to constitute a nuisance (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 570). Despite repeated communications from plaintiff to the Lapiduses informing them that operation of their water-cooled air conditioners was resulting in the flooding of plaintiff's apartment, the Lapiduses continued to use the air conditioners and refused to repair or replace them. The record evidence is clear that the sole function of pipes which lead to the air conditioners is to serve the air conditioning units and that the pipes do not leak when the valve to the units is turned off. Plaintiff is likely to succeed on his claim that the Lapiduses are obligated to maintain and repair the water supply and drain pipes connected to their air conditioners. Uncontradicted testimony at the preliminary hearing provided persuasive proof that attempts at repairing the air conditioners which are evidently old, unlawful and improperly installed, would not be efficacious and that only the complete cessation of the units' use would reliably prevent the recurring flooding which has repeatedly damaged plaintiff's apartment and personal property. Invoices, photographs and testimony clearly showed that repeated leaks from the units

have interfered with plaintiff's use and enjoyment of his apartment for extended periods, resulted in damage to irreplaceable personal property and caused conditions deleterious to plaintiff's health. The equities clearly tip in plaintiff's favor since the Lapiduses can air condition their premises without significant economic hardship by using units other than the water-cooled ones which have occasioned the present dispute.

The motion court's denial of a change of venue pursuant to CPLR 510 (2) was a proper exercise of discretion. Venue was properly laid by each plaintiff in the two consolidated actions in New York County based on either residence (CPLR 503 [a]) or the fact that the judgment demanded would affect the use or enjoyment of real property (CPLR 507). Although the Lapiduses had been informed in mid-2000 in the first action brought by 1050 Tenants Corp. that Handler's spouse is a New York County Supreme Court Justice, they waited until the third day of the hearing on plaintiff's motion for preliminary injunctive relief to move for a change in venue. CPLR 510 (2) provides for a change of venue when "there is reason to believe that an impartial trial cannot be had in the proper county." Although Handler's spouse is an Acting Justice of the Supreme Court, Criminal Term, she is not a party to this action (cf., Rothwax v Spicehandler, 161 AD2d 184). While an appearance of impropriety may afford a basis for a venue change in an appropriate case (Saxe v OB/GYN Assoc., 86 NY2d 820), the record affords no reason to believe that plaintiff's spousal relationship will compromise the reality or perception of impartial adjudication in this case (see, Locker v 670 Apts. Corp., 232 AD2d 176; see also, Krupka v County of Westchester, 160 AD2d 681). The Lapiduses vigorously litigated claims directly bearing on plaintiff and having a financial impact on his spouse in New York County Supreme Court and before this Court without seeking a venue change although the spousal relationship was a matter of record in two separate affidavits. To allow the Lapiduses to have a change of venue on these facts would merely reward their resort to a tactical move after the IAS court had expended considerable resources on the preliminary injunction motion. That has nothing to do with either a real or apparent threat to an impartial trial which is the legitimate purpose of CPLR 510 (2). Concur—Williams, P.J., Saxe, Buckley, Ellerin and Rubin, JJ.