■ DYLAN COHEN, Respondent, v SCOTT BERNSTEIN et al., Appellants. (And a Third-Party Action.) [780 NYS2d 646]—

Carpinello, J. Appeal from an order of the Supreme Court (Clemente, J.), entered April 11, 2003 in Sullivan County, which, upon reargument, denied defendants' motion to change venue.

This action stems from a contract for private investigative services between plaintiff and defendants. Although Supreme Court initially granted a defense motion to change venue from Sullivan County to Rockland County, it thereafter granted plaintiff's motion to reargue and vacated its prior order. Defendants appeal.

None of the arguments advanced by defendants persuades this Court that Supreme Court's subsequent decision to maintain venue in Sullivan County should be disturbed. Defendants failed to establish that they would be unable to obtain a fair trial in Sullivan County simply because plaintiff's father, third-party defendant, Ira Cohen, was the County Attorney for Sullivan County and because his wife, plaintiff's stepmother, served as a law clerk to a Family Court Judge in that county. As aptly noted nearly 65 years ago, "[t]he mere fact that a party to an action is of some prominence or holds an official position in the county does not justify an inference that an impartial trial cannot be had in that county" (*Ingo v Casey,* 175 Misc 805, 807 [1940], *affd* 260 App Div 1024 [1940]; *see Bult v Kornspan,* 37 AD2d 672 [1971]; *Fishman v Fishman,* 20 AD2d 941 [1964], *lvs dismissed* 15 NY2d 482, 621 [1964]).

Here, defendants' assertions that the status of both Cohen and his wife would preclude an impartial trial in Sullivan County were wholly conclusory (*see* CPLR 510 [2]; *Handler v 1050 Tenants Corp.,* 295 AD2d 238, 240 [2002]; *Field v Schultz,* 288 AD2d 177 [2001]; *Locker v 670 Apts. Corp.,* 232 AD2d 176

[1996]).* Notably, mere belief, suspicion or feeling are insufficient grounds to grant a motion to change venue under CPLR 510 (2) (*see Fishman v Fishman, supra*; *Noonan v Luther,* 128 App Div 673, 674 [1908]). As defendants failed to come forward with facts demonstrating a "strong possibility" that their belief was well founded and that an impartial trial of the action could not be obtained in Sullivan County (*DeBolt v Barbosa,* 280 AD2d 821, 824 [2001]), Supreme Court did not abuse its discretion in ultimately denying the motion (*see Field v Schultz, supra*; *Locker v 670 Apts. Corp., supra*; *Lubitz v Mehlman,* 166 AD2d 212 [1990]; *Krupka v County of Westchester,* 160 AD2d 681, 681-682 [1990]; *Midonick v Peppertree Hill Dev. Corp.,* 49 AD2d 721, 721-722 [1975]; *Fishman v Fishman, supra*).

Cardona, P.J., Mercure and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Contrary to defendants' assertions, neither Cohen's status as County Attorney or his nonparty wife's status as law clerk is comparable to the parties' statuses in *Amann v Caccese* (223 AD2d 663 [1996] [the plaintiff was a daughter of a Court of Claims Judge/Acting Supreme Court Justice]), *Rothwax v Spicehandler* (161 AD2d 184 [1990] [the plaintiff was a Supreme Court Justice]), *Milazzo v Long Is. Light. Co.* (106 AD2d 495 [1984] [the plaintiff was a law secretary to two Supreme Court Justices]) or *Burstein v Greene* (61 AD2d 827 [1978] [the plaintiff was the spouse of a Supreme Court Justice]) such that venue should have been transferred under the strength of these cases.