OPINION OF THE COURT
John P. Lane, J.
Defendants Lorillard Tobacco Company, Hollingsworth & Vose Company, Foseco, Inc., Hudson Plastering Corporation, Ferro Engineering Division, a division of Oglebay Norton Company, Beazer East, Inc., and Mader Plastering Corporation move and cross-move to transfer this action to the Seventh Judicial District. They base their motions on CPLR 510 (2), which provides that the court, upon motion, may change the place of trial of an action where there is reason to believe that an impartial trial cannot be held in the proper county.
This action was commenced by Henry G. Gossel on January 12, 2006 to recover for personal injuries he allegedly sustained as the result of exposure to asbestos. Mr. Gossel died on March 14, 2006. His wife Janice L. Gossel, as executrix of his estate, has been substituted for him and joined individually as a plaintiff.
Defendants maintain that an impartial trial cannot be held in the Eighth Judicial District due to Henry Gossel’s public service as a town justice, county legislator and, particularly, as a supreme court justice (1979 through 1995) and later as a judicial hearing officer (JHO), serving sporadically in the district’s Alternative Dispute Resolution Program (2001 through 2005). They contend that his close social and professional ties to judges and court staff, as well as his reputation for a fair judicial temperament, mandate transfer of the case to another district to avoid an appearance of impropriety that would be created if a local judge presides over the case. Defendants do not suggest that a panel of impartial jurors cannot be found in Erie County, or elsewhere in the district. In opposition to the motion, plaintiff argues that defendants *237 have not met their burden of showing a strong possibility that they cannot obtain an impartial trial in Erie County, that mere suspicion or belief is insufficient to warrant the proposed change in venue based on an appearance of impropriety. Plaintiff points out that, of the 30 supreme court justices currently sitting in this district, only eight served with Henry Gossel. I am not one of that group.
Defendants have failed to meet their burden on this motion. Henry Gossel’s long career in public service, including his service on this court, does not warrant a presumption that an appearance of impropriety will result unless venue is changed. Changing venue to avoid an appearance of impropriety is a matter of the court’s discretion (see Saxe v OB/GYN Assoc., 86 NY2d 820 [1995]), but unfortunately there is no bright-line rule to follow. Changing the venue of an action brought by a supreme court justice from the county where she presides is appropriate (id.; see also Arkwright v Steinbugler, 283 App Div 397 [2d Dept 1954]). The same principle applies where the plaintiff is an acting supreme court justice (see Rothwax v Spicehandler, 161 AD2d 184 [1st Dept 1990]). However, a change of venue of a civil action is not mandated when the plaintiff’s spouse is an acting supreme court justice assigned to criminal cases (see Handler v 1050 Tenants Corp., 295 AD2d 238 [1st Dept 2002]; cf. Amann v Caccese, 223 AD2d 663 [2d Dept 1996] [an appearance of impropriety exists where the plaintiffs father is a resident court of claims judge/ acting supreme court justice, who served for two decades as a state assemblyman]). In Locker v 670 Apts. Corp. (232 AD2d 176, 176 [1st Dept 1996]), the fact that the plaintiff’s wife was a law clerk to a justice of the supreme court in the county was insufficient to “present a strong possibility that an impartial trial cannot be held here” (cf. Milazzo v Long Is. Light. Co., 106 AD2d 495 [2d Dept 1984] [venue transferred where plaintiff was a law clerk to two supreme court judges]). Similarly, recusal is not required when the alleged victim of a crime is the chief clerk of the court in which the indictment will be tried (see People v Bibbs, 177 AD2d 1056 [4th Dept 1991], lv denied 79 NY2d 918 [1992]).
The mere fact that plaintiffs decedent was a person of some prominence and was employed at the time of his death as a judicial hearing officer does not justify an inference that an impartial trial cannot be had in this district.
As aptly noted nearly 65 years ago, “The mere fact that a party to an action is of some prominence or holds an official po *238 sition in the county does not justify an inference that an impartial trial cannot be had in that county” (Ingo v Casey, 175 Misc 805, 807 [1940], affd 560 App Div 1024 [1940]; see Bult v Kornspan, 37 AD2d 672 [1971]; Fishman v Fishman, 20 AD2d 941 [1964], lvs dismissed 15 NY2d 482, 621 [1964]; Cohen v Bernstein, 9 AD3d 573 [3d Dept 2004]).
Decedent, who submitted an affidavit in opposition to this motion, stated that his part-time work as a JHO did not result in “direct professional contact with any acting Supreme Court Judges.” His work was “limited to meeting with attorneys, and trying to settle their cases, if the cases could not be settled, they were referred back to the judge presiding over such matters.” In this respect, decedent functioned more like a member of the court staff rather than a sitting judge.[1] Absent his JHO assignment, decedent would have been in the same position as the retired judges who were the fathers of parties in Dontzin v Digital Rain Partners I (295 AD2d 140 [1st Dept 2002]) and Lombardoni v Boccaccio (160 AD2d 1089 [3d Dept 1990]). In those cases, the retired status of the fathers did not warrant a change in venue. Thus, decedent’s employment in public service and his recent part-time assignment as a JHO are not enough to satisfy defendants’ burden on this motion.
A change of venue pursuant to CPLR 510 (2) requires a showing of facts demonstrating a strong possibility that an impartial trial cannot be obtained in the selected county (see DeBolt v Barbosa, 280 AD2d 821 [3d Dept 2001]; see also County of Onondaga v Home Ins. Cos., 265 AD2d 896 [4th Dept 1999]; Jablonski v Trost, 245 AD2d 338 [2d Dept 1997]; Krupka v County of Westchester, 160 AD2d 681 [2d Dept 1990]). “[M]ere belief, suspicion or feeling are insufficient grounds to grant a motion to change venue under CPLR 510 (2)” (Cohen at 574; DeBolt; Jablonski). Defendants’ conclusory assertions are insufficient to satisfy their burden (see Field v Schultz, 288 AD2d 177 [2d Dept 2001]; Warm v State of New York, 265 AD2d 546 [2d Dept 1999]; Fishman v Fishman, 20 AD2d 941 [3d Dept 1964], lvs dismissed 15 NY2d 482, 621 [1964]). Furthermore, defendants have not established that any county in the Seventh Judicial District is a proper county for venue purposes (see Saxe). Therefore, their motions must be denied (id.; Mikul v Silverman, 27 AD3d *239 625 [2d Dept 2006]; Welch Foods v Wilson, 262 AD2d 949 [4th Dept 1999]).[2]

. The staff of the Eighth Judicial District Alternative Dispute Resolution Program includes court attorneys as well as JHOs.

. Given the nature of this case, it is likely that most witnesses will be local residents. Therefore, if likelihood of an appearance of impropriety had been established, the appropriate remédy would be assignment of an out-of-district justice to this case in order to avoid inconveniencing those witnesses (see Rothwax). Under the individual assignment system, all proceedings would come before the assigned justice, thereby avoiding the problem foreseen by the Rothwax court.