In an action to recover damages for personal injuries, etc., the defendant Jorge Mogravejo appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weinstein, J.), dated October 11, 2007, as granted his motion pursuant to CPLR 510 (2) to change venue from Queens County to Nassau County only to the extent of changing venue from Queens County to Bronx County.
Ordered that the order is affirmed insofar as appealed from, with costs.
In view of the fact that the plaintiff Joseph Golia is a Justice of the Appellate Term of the Supreme Court, Second Judicial Department, and the plaintiff Rosalie Golia is his wife, the court providently exercised its discretion in granting the appellant’s motion pursuant to CPLR 510 (2) to change venue only to the extent of changing venue of this action beyond the territorial limits of the Second Judicial Department to avoid the slightest suspicion as to the fairness of the proceedings (see Saxe v OB/GYN Assoc., 86 NY2d 820, 822 [1995]; De Luca v CBS Inc., 105 AD2d 770 [1984]; Burstein v Greene, 61 AD2d 827 [1978]; Seifert v McLaughlin, 15 AD2d 555 [1961]). The court properly transferred the action to Bronx County, the alternative venue requested by the plaintiffs, rather than Nassau County, requested by the appellant, since Nassau County is within the *612 Second Judicial Department (see Saxe v OB/GYN Assoc., 86 NY2d at 822). Skelos, J.P., Ritter, Dillon, Garni and Leventhal, JJ., concur.