■ RICHARD F. BRAUN, Respondent, v SID's 2ND AVENUE BIKE SHOP, INC., et al., Appellants. [870 NYS2d 791]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 21, 2008, which granted plaintiff's motion pursuant to CPLR 510 (2) for a change of venue from New York County to Kings County, unanimously modified, on the facts, and venue transferred to Westchester County, and otherwise affirmed, without costs.

Plaintiff was injured in Orange County allegedly because of a defective custom-made bicycle he had purchased from defendants. Plaintiff, an active Justice of the Supreme Court, New York County, commenced the instant action in New York County, where all parties reside. After joinder of issue, plaintiff moved to change venue to Kings County in order "to avoid even a possible appearance of impropriety." In opposition, defendants stated that they had "no objection" to the New York County venue, but if appearances required a change of venue, then, in

view of plaintiff's apparent city-wide personal and professional relationships with judges, the change should be to a county outside of New York City, in particular, Westchester, the closest suburban county to Manhattan and well served by trains from Manhattan. In reply, plaintiff stated that he too had "no objection" to retaining the New York County venue, but, if appearances required a change, continued to urge Brooklyn as more convenient than Westchester. Under all of the circumstances presented herein, we agree with defendants that the transfer of this matter to Westchester County is appropriate (*see Saxe v OB/GYN Assoc.*, 86 NY2d 820 [1995]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Buckley and Freedman, JJ.