Lahtinen, J.
Appeal from that part of an order of the Supreme Court (McGrath, J.), entered March 21, 2012 in Columbia County, which denied plaintiffs cross motion for summary judgment.
Defendant is a biotechnology corporation that sells drug testing kits, and plaintiff is a foreign corporation that manufactures molds and plastic products. The parties negotiated an agreement in 2007 whereby plaintiff manufactured steel molds used to produce plastic cups, lids and strip inserts for defendant’s urine sample drug testing kits. Plaintiff stated that it could produce the plastic products at an agreed price. According to defendant, the plastic products produced by plaintiff were not sufficiently transparent or leakproof, resulting in defendant losing business. Thus, disputes arose regarding the molds and the products, as well as payments therefor, with defendant failing to make some payments that plaintiff claimed it was owed. Plaintiff commenced this action alleging, among other things, breach of contract causing damages exceeding $54,000, and defendant counterclaimed asserting breach of contract by plaintiff with resulting damages of $100,000. Both parties moved for summary judgment, which Supreme Court denied and, following disclosure, both parties again sought summary judgment. Finding factual questions, Supreme Court denied the motions. Plaintiff appeals.
We affirm. Plaintiff initially contends that the proof established as a matter of law that defendant breached a June 2, 2008 letter agreement. About a year after the parties’ initial agreement and while the parties were disputing amounts owed for the molds and products, defendant’s president wrote the June 2008 letter stating that defendant would pay $65,658.39 *1116 within 90 days of arrival in a United States port of the needed products, so long as the products were shipped “as soon as possible.” Importantly, defendant further provided that “payment would be subject to receipt of a signed acknowledgment from [plaintiff] that [defendant] now owns the molds and may have them shipped to the U.S.” Although plaintiff shipped the plastic products, which arrived in the United States in July 2008, plaintiff did not provide a written acknowledgment that the steel molds belonged to defendant. Under the language of the June 2008 letter, the written acknowledgment was a condition for full payment of the amount recited in the letter (see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995]). Plaintiff argues that it was relieved of this condition because an email from defendant’s vice-president in late October 2008 implied that it might not pay if the molds did not pass inspection and this constituted an anticipatory repudiation. However, an anticipatory repudiation must be “ ‘an unqualified and clear refusal to perform’ ” (O’Connor v Sleasman, 37 AD3d 954, 956 [2007], lv denied 9 NY3d 806 [2007], quoting DeLorenzo v Bac Agency, 256 AD2d 906, 908 [1998]). The language upon which plaintiff relies was not unequivocal as a matter of law (see Fonda v First Pioneer Farm Credit, ACA, 86 AD3d 693, 695 [2011]).
Next, plaintiff asserts that Supreme Court erred in finding triable issues as to defendant’s breach of warranty defense. The record contains evidence setting forth conflicting versions of pertinent events, and we view all proof in the light most favorable to defendant as the party opposing summary judgment on this issue (see Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp., 80 AD3d 933, 935 [2011]; Raven Indus., Inc. v Irvine, 40 AD3d 1241, 1242 [2007]). Applying such standard, our review of the record reveals factual issues as to whether the cups were sufficiently transparent and leakproof, whether plaintiff knew that the cups had to be transparent and leakproof prior to creation of the molds, and whether defendant relied upon plaintiffs skill in creating molds suitable for defendant’s purposes. There are also issues of fact with regard to whether defendant complained about the quality of the cups to plaintiff within a reasonable time, whether its complaints were sufficient to constitute a rejection of the products, and whether plaintiff made assurances to defendant that the purported defects in the products would be cured. Summary judgment was properly denied (see B-S Indus. Contrs. v Town of Wells, 173 AD2d 1053, 1054 [1991]).
The remaining arguments have been considered and found unavailing.
*1117 Mercure, J.E, Rose and Garry, JJ., concur.
Ordered that the order is affirmed, with costs.