■ HERBERT BURSTEIN, Respondent, v BERNARD H. GREENE, Individually and as a Member of the Firm of Paul, Weiss, Rifkind, Wharton & Garrison, et al., Appellants.—In a libel action, defendants appeal from an order of the Supreme Court, Nassau County, entered July 13, 1977, which denied their motion to transfer the action from Nassau County to New York County. Order reversed, without costs or disbursements, and motion granted to the extent that the action is transferred from Nassau County to Kings County. In view of the fact that plaintiff is the spouse of a resident Supreme Court Justice of Nassau County, we believe that the protection of the court's reputation from the slightest suspicion as to the fairness of the trial requires a change of venue of this libel action from Nassau County to Kings County. While we have no doubt that each of the Justices of the Supreme Court, Nassau County, would afford the defendants a fair and impartial trial, we recognize that under the circumstances it might appear that defendants would suffer a disadvantage if they proceeded to trial in a court in which the plaintiff's wife has so often presided (cf. *Arkwright v Steinbugler,* 283 App Div 397, 399; *Seifert v McLaughlin,* 15 AD2d 555). Although this case involves a Judge's spouse whereas in *Arkwright (supra)* the plaintiff himself was a Judge, nevertheless the underlying principle enunciated in *Arkwright,* to wit, that a court should avoid even a possible appearance of bias or favoritism, is applicable in this instance. Accordingly, we conclude that the ends of justice will be better served without undue inconvenience to the parties and their witnesses if the trial were held in Kings County rather than in Nassau County, where the action was instituted. Hopkins, J. P., Titone, Margett and Hawkins, JJ., concur.