■ PETER F. COHALAN, as County Executive of the County of Suffolk, et al., Respondents, v JOHNSON ELECTRICAL CONSTRUCTION CORP. et al., Defendants, and SIMPSON METAL INDUSTRIES, INC., et al., Appellants. (Action No. 1.) BABYLON ASSOCIATES, a Joint Venture, Consisting of TERMINAL CONSTRUCTION CORPORATION, DIC CONCRETE CORPORATION and UNDERHILL CONSTRUCTION CORPORATION, Respondent, v COUNTY OF SUFFOLK et al., Respondents. (Action No. 2.) — In two actions arising out of the construction of the Bergen Point Water Pollution Control Plant, which were ordered to be jointly tried, Simpson Metal Industries, Inc., and Aetna Casualty and Insurance Company, defendants in action No. 1, appeal from stated portions of a "stipulation and order" of the Supreme Court, Suffolk County (Jones, J.), entered December 23, 1983, after a conference in Special Term, Part 8-A, pursuant to 22 NYCRR 790.30 was held among the parties to both actions to resolve certain pretrial discovery disputes.

Appeal dismissed, without costs or disbursements.

The precalendar conference stipulation and order did not decide a motion which was made upon notice, and thus is not appealable to this court as of right (CPLR 5701, subd [a], par 2). "If counsel is of the view that appellate review [of such an order] is necessary, counsel should make a formal motion on notice and papers at Special Term, Part 8-A, to vacate or modify the precalendar conference order, or particular provisions of it" and appeal, if necessary, from the resulting order (*Everitt v Health Maintenance Center*, 86 AD2d 224, 227). Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.

■ FRANK P. DELUCA, Respondent, v CBS INC. et al., Appellants. — In a defamation action, defendants appeal from an order of the Supreme Court, Suffolk County (McInerney, J.), dated January 31, 1984, which denied their motion for a change of venue of the action from Suffolk County to New York County.

Order reversed, without costs or disbursements, and motion granted to the extent that the action is transferred from Suffolk County to Queens County.

In view of the fact that the plaintiff is a resident Supreme Court Justice of Suffolk County, we believe that the protection of the court's reputation from the slightest suspicion as to the fairness of the proceedings requires a change of venue of this defamation action from Suffolk County to Queens County, where the ends of justice will be served without any undue inconvenience to the parties or their witnesses (*Burstein v Greene*, 61 AD2d 827; *Arkwright v Steinbugler*, 283 App Div 397; *Seifert v McLaughlin*, 15 AD2d 555). Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.