■ Douglas Milazzo et al., Respondents, v Long Island Lighting Company, Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated September 19, 1984, as denied that branch of its motion which sought to transfer "the venue and trial" of the action to Nassau County.

Order reversed, insofar as appealed from, without costs or disbursements, and the aforenoted branch of defendant's motion is granted to the extent that "venue and place of trial" of the action is transferred to New York County.

Plaintiff Douglas Milazzo has been a law secretary to two Justices in the Supreme Court, Kings County. Defendant asserts that there will be a possibility of bias or of an appearance of impropriety if the trial is held in that court, since Mr. Milazzo has a confidential relationship with two of its Justices and presumably knows many of the Justices in that court and sees and works with them on a frequent basis.

Defendant waited over four years after learning of this relationship before making its motion on the eve of trial for a change

of venue. This cannot be considered "a reasonable time after commencement of the action" (CPLR 511, subd [a]; *Hillegass v Duffy,* 104 AD2d 969).

Not every relationship with a Justice necessitates disqualifying the entire court (see *Fishman v Fishman,* 20 AD2d 941 [affirming denial of motion for change of venue where plaintiff's attorney was employed by a Justice of the judicial district where the trial was to be held]), and the decision to grant or deny a motion to change venue generally rests in the sound discretion of the trial court (*Panicello v Panicello,* 73 AD2d 595). Nevertheless, to avoid any appearance of impropriety, we believe the action should be transferred out of Kings County (*DeLuca v CBS, Inc.,* 105 AD2d 770). The Supreme Court in New York County, however, is more conveniently located than the Supreme Court, Nassau County, for the witnesses in this case, including plaintiff's physician, and the facilities in its courthouse are adequate to accommodate plaintiff, who is a paraplegic from a previous accident (see *Arkwright v Steinbugler,* 283 App Div 397, 399). Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.