■ KENNETH R. KNEUER et al., Respondents, v AMERICAN HOIST & DERRICK Co. et al., Appellants, et al., Defendants. (And Third- and Fourth-Party Actions.)—In a products liability action to recover damages for personal injuries, etc., the defendants American Hoist & Derrick Co. (hereinafter Amhoist) and Elkhart Brass Manufacturing Co. (hereinafter Elkhart) separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Di Paola, J.), dated May 12, 1986, as denied Amhoist's motion for summary judgment dismissing the plaintiffs' complaint and the cross claims and counterclaims of the codefendants and third-party defendants asserted against it.

Ordered that the appeal by the defendant Elkhart is dismissed, as that party is not aggrieved by the order *(see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as it is appealed from by Amhoist; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable jointly by Elkhart and Amhoist.

Elkhart is not aggrieved by the order since it failed to move for the relief it now seeks on appeal. With respect to Amhoist's motion for summary judgment, we hold that it was properly denied. The record indicates that the plaintiff Kenneth Kneuer was injured while testing a quarter-turn ball valve manufactured by Elkhart on a fire hydrant manufactured by Amhoist. During the course of this test, the water pressure built up causing the phenomenon known as a water hammer, and the hydrant lifted off the ground, landing on Mr. Kneuer's foot. While a manufacturer has a nondelegable duty to design and produce a nondefective product, substantial modifications of the product by a third party which render it unsafe are not chargeable to the manufacturer *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471; *Hansen v Honda Motor Co.,* 104 AD2d 850, 851). At bar, there exists a triable question of fact concerning whether the attachment of the quarter-turn ball valve constituted a substantial modification and, in addi-

tion, whether the use of the valve caused the accident. Thus, the motion for summary judgment was properly denied. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.