■ IRVING SADUR et al., Appellants-Respondents, v DOCTORS' HOSPITAL OF STATEN ISLAND, INC., et al., Respondents, and ROSALITA G. REYES, M.D., P. C., et al., Respondents-Appellants.—In a medical malpractice action the plaintiffs appeal, as limited by their brief, (1) from stated portions of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 29, 1987, which, *inter alia,* denied their motion for summary judgment; and (2) from so much of an order of the same court dated February 26, 1988, as upon granting that branch of their motion which was for reargument, *inter alia,* adhered to the original determination, and the defendants Rosalita G. Reyes, M.D., P. C., Renato Serrano, M.D., Cesar

M. Reyes, M.D., and Tahere Husain, M.D. cross-appeal from so much of the order dated February 26, 1988 as granted that branch of the plaintiffs' motion which was for a change of venue.

Ordered that the plaintiffs' appeal from the order dated October 29, 1987, is dismissed as that order was superseded by the order dated February 26, 1988, made on reargument; and it is further,

Ordered that the order dated February 26, 1988 is modified, on the law, by deleting the provision thereof which granted the plaintiffs' motion to change venue and substituting therefor a provision denying that motion; as so modified, the order is affirmed and the matter is remitted to the Supreme Court, Richmond County, for further proceedings before a different Justice; and it is further,

Ordered that the defendants-respondents-appellants are awarded one bill of costs.

The plaintiffs' cause of action to recover damages for medical malpractice involves matters which are not within the ordinary experience and knowledge of laymen. As such, the plaintiffs' motion for summary judgment, which was not supported by an expert's medical opinion, was properly denied (see, Fiore v Galang, 64 NY2d 999; Wertheimer v Paley, 137 AD2d 680).

Although Justice Sangiorgio recused himself from presiding over the case "in the interests of justice", he erred in granting the plaintiffs' motion for a change of venue (see, CPLR 510 [2]; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.09). CPLR 510 (2) empowers the court to transfer venue where there is reason to believe that an impartial trial cannot be had in the proper county. The Supreme Court's determination was not premised on such a finding. Nor have the plaintiffs shown that there is a reasonable basis for their belief that an impartial trial cannot be had in Richmond County (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.09, at 5-146; Wilson v Sponable, 77 AD2d 799; Gell v St. Finbar's R. C. Church, 64 AD2d 649). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.