■ HELOISE A. KRUPKA, Respondent, v COUNTY OF WEST-CHESTER, Respondent, and WESTINGHOUSE ELECTRIC CORPORATION, Sued Herein as WESTINGHOUSE ELEVATOR CORPORATION, Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the defendant Westinghouse Elevator Corporation appeals from an order of the Supreme Court, Westchester County (Walsh, J.), entered January 30, 1989, which denied its motion pursuant to CPLR 510 (2) for a change of venue.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the contention of the appellant, we discern no abuse or improvident exercise of discretion in the Supreme Court's denial of its motion for a change of venue *(see generally, Filler v Cornell Univ.,* 147 AD2d 610; *McDonald v Southampton Hosp.,* 133 AD2d 814; *Resnick v Karmax Camp Corp.,* 112 AD2d 206). A change of venue pursuant to CPLR 510 (2) requires a showing of facts which demonstrate a strong possibility that an impartial trial cannot be obtained in the county selected *(see generally, Thomas v Small,* 121 AD2d 622), and "[m]ere belief, suspicion or feeling are not sufficient grounds for the granting of the motion" *(Clausi v Hudson Cement Co.,* 26 AD2d 872, 873; *see, Fishman v Fishman,* 20 AD2d 941).

The appellant has failed to establish a strong possibility of an unfair trial in this case. While the plaintiff's complaint alleges that she was injured in an elevator located at the same courthouse in which the anticipated trial is to be held, the claims of the appellant that it will be prejudiced because the jurors in this case will use the very same elevator and will be subjected to comments of court personnel regarding the operation of the elevators are premised solely upon speculation and conjecture. In addition to the absence of facts to support these claims, the appellant has failed to establish that alternative means—such as using a courtroom which is readily accessible without resort to elevator service, or prohibiting the use by jurors of the elevator identified in the complaint—will not

obviate any anticipated prejudice. Moreover, we are confident that the Trial Justice will take steps, in the sound exercise of judicial discretion, to ensure the fairness and impartiality of the jurors should a possibility of bias be demonstrated.

Similarly unavailing is the appellant's claim that a strong possibility of bias exists because the plaintiff is a Family Court employee who works in the building where the trial is to be held. There is no evidence that the plaintiff has any connection or familiarity with the Trial Justice or any other relevant Supreme Court personnel so as to create an appearance of impropriety in this case (cf., Milazzo v Long Is. Light. Co., 106 AD2d 495; De Luca v CBS Inc., 105 AD2d 770; Burstein v Greene, 61 AD2d 827).

Accordingly, as the appellant has failed to substantiate its claims of prejudice, a change of venue is not warranted (see, Clausi v Hudson Cement Co., 26 AD2d 872, supra; Fishman v Fishman, 20 AD2d 941, supra). Westchester County is the appropriate place for trial under CPLR 504 (1), and the appellant has failed to come forward with circumstances sufficiently compelling to warrant a departure from that statutory directive (see, e.g., Powers v East Hudson Parkway Auth., 75 AD2d 776). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.