■ VITO ALBANESE, JR., et al., Appellants, v WEST NASSAU MENTAL HEALTH CENTER et al., Respondents. [617 NYS2d 821] — In consolidated actions to recover damages for negligence and medical malpractice, (1) the plaintiff Vito Albanese, Sr., appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated December 20, 1993, which (a) denied his motion for a change of venue, and (b) granted so much of the cross motion of the defendants Sidney Louis, Mihai Dimancesca, Joseph Greenscher, and Anna Bove as sought the appointment of a guardian ad litem for the plaintiff Vito Albanese, Jr., and (2) the plaintiffs appeal, as limited by their brief, from so much of an order of the same court, dated February 2, 1994, as, upon reargument of that portion of the order dated December 20, 1993, which granted the request for the appointment of a guardian ad litem, adhered to the prior determination.

Ordered that the appeal from so much of the order dated December 20, 1993, as granted the request for the appointment of a guardian ad litem, is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated February 2, 1994, made upon reargument; and it is further,

Ordered that the order dated December 20, 1993, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated February 2, 1994, is reversed insofar as appealed from, on the law, that portion of the order dated December 20, 1993, which appointed a guardian ad litem is vacated, and that branch of the cross motion which sought the appointment of the guardian ad litem is denied, without costs or disbursements.

The injured plaintiff, Vito Albanese, Jr., is the son of the plaintiff Vito Albanese, Sr. After his parents divorced, Vito Jr. was placed in foster care, and on September 10, 1984, he

attempted to commit suicide at his foster home. Although the attempt was unsuccessful, Vito Jr. sustained disabling brain injuries. On June 24, 1985, Vito Sr. was awarded permanent custody of Vito Jr. Vito Sr. commenced these multiple negligence and medical malpractice actions in Nassau County and Kings County, and the actions were consolidated and transferred to Nassau County. Vito Sr. was appointed guardian of Vito Jr., and the plaintiffs thereafter moved to change venue from Nassau County to Kings County, contending that several Supreme Court Justices in Nassau County were affiliated in some manner with named defendant Winthrop University Hospital. Some of the defendants cross moved, *inter alia,* for the appointment of a guardian ad litem to represent Vito Jr. in these actions, alleging a conflict of interest between Vito Sr. and Vito Jr. The Supreme Court denied the motion for a change of venue and granted the cross motion to the extent of appointing a guardian ad litem for Vito Jr. Upon reargument of the guardian ad litem issue, the court adhered to its prior determination.

The Supreme Court's denial of the plaintiffs' motion for a change of venue did not constitute an improvident exercise of discretion. The plaintiffs were required to come forward with facts demonstrating a strong possibility that an impartial trial of the actions could not be obtained in Nassau County *(see,* CPLR 510 [2]; *Krupka v County of Westchester,* 160 AD2d 681; *Thomas v Small,* 121 AD2d 622). The plaintiffs' vague and conclusory allegations of prejudice were inadequate to meet this burden, since "[m]ere belief, suspicion or feeling are not sufficient grounds for the granting of the motion" *(Clausi v Hudson Cement Co.,* 26 AD2d 872, 873).

However, the court did improvidently exercise its discretion in removing Vito Sr. as guardian for the purposes of this litigation. Given the highly speculative nature of the conflict of interest alleged by the defendants, and the right of Vito Sr. to pursue personally his derivative claim for loss of services, that branch of the cross motion seeking appointment of a guardian ad litem should have been denied. We note in this regard that any culpable conduct on the part of Vito Sr. would logically diminish the recovery upon his derivative claim, but would not have a similar effect on Vito Jr.'s personal injury claim. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.