■ STEPHEN T. B. JABLONSKI, Respondent, v JAYNE E. TROST, Also Known as JANE E. TROST, et al., Appellants, et al.,

Defendants. [665 NYS2d 438] —In an action, *inter alia,* for the re-scission of a contract for the sale of real property, the defendants Jayne E. Trost, a/k/a Jane E. Trost, and Donald L. Trost, and the defendants Robert A. McCaffrey Realty, Inc., Linda Piermarini, and Robert A. McCaffrey separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated April 24, 1997, as denied that branch of the motion of Jayne E. Trost, a/k/a Jane E. Trost, and Donald L. Trost which was to change venue of the action from New York County to Putnam County and granted the plaintiff's cross motion to retain venue in New York County.

Ordered that the appeal by the defendants Robert A. Mc-Caffrey Realty, Inc., Linda Piermarini, and Robert A. McCaf-frey is dismissed, as those parties are not aggrieved by the or-der appealed from (*see,* CPLR 5511; *Kneuer v American Hoist & Derrick Co.,* 126 AD2d 608); and it is further,

Ordered that on the appeal by defendants Jayne E. Trost, a/k/a Jane E. Trost, and Donald L. Trost, the order is reversed insofar as appealed from, on the law, that branch of their mo-tion which was to change venue from New York County to Put-nam County is granted, and the plaintiff's cross motion is denied; and it is further,

Ordered that pursuant to CPLR 511 (d) the County Clerk of New York County shall forthwith deliver to the County Clerk of Putnam County all papers filed in the action and certified copies of all minutes and entries which shall be filed, entered, or recorded, as the case requires, in the office of the latter clerk; and it is further,

Ordered that the appellants Jayne E. Trost, a/k/a Jane E. Trost, and Donald L. Trost are awarded one bill of costs pay-able by the plaintiff.

The appellants Jayne E. Trost, a/k/a Jane E. Trost, and Don-ald L. Trost, correctly state that Putnam County is the proper venue for the instant action, as the judgment demanded seeks, *inter alia,* to rescind a contract for the sale of real property in Putnam County, and therefore, would affect title to real prop-erty there (*see,* CPLR 507; *Papp v Moutsinas,* 188 AD2d 868; *Carder v Ramos,* 163 AD2d 732, 734). Although the Supreme Court has discretion, *inter alia,* to change venue where "there is reason to believe that an impartial trial cannot be had in the proper county" (CPLR 510 [2]), a change of venue pursuant thereto "requires a showing of facts which demonstrate a strong possibility that an impartial trial" cannot be so obtained (*Krupka v County of Westchester,* 160 AD2d 681; *see, Albanese*

*v West Nassau Mental Health Ctr.,* 208 AD2d 665). On such a motion, "[m]ere belief, suspicion or feeling are not sufficient grounds for the granting of the motion" (*Clausi v Hudson Cement Co.,* 26 AD2d 872, 873; *see, Albanese v West Nassau Mental Health Ctr., supra; Krupka v County of Westchester, supra).*

In the instant case, the plaintiff did not demonstrate a strong possibility that he could not obtain an impartial trial in Putnam County through his claim that an "unconscious bias" may exist in the community in favor of the defendants because of their power and standing in the community. Therefore, that branch of the Trost appellants' motion which was to change venue from New York County to Putnam County should have been granted (*see,* CPLR 507). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.