■ GERALDINE WARM et al., Appellants, v STATE OF NEW YORK et al., Respondents. [697 NYS2d 148] —In an action, *inter alia*, to recover damages for trespass and nuisance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Braatz, J.), dated March 5, 1998, as denied those branches of their motion which were to change the venue of the action from Putnam County to

Westchester County and for the Supreme Court Justice to recuse himself, and granted that branch of the cross motion of the defendant Town of Southeast which was to impose a sanction upon the plaintiffs' attorney.

Ordered that the appeal by the plaintiffs from so much of the order as granted that branch of the cross motion which was to impose a sanction on their attorney is dismissed, as the plaintiffs are not aggrieved by that part of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendant Harold Lepler has a long-standing personal and business relationship with a Justice of the Supreme Court, Putnam County, who was originally assigned to the case, but recused himself and was succeeded by Justice Braatz. The plaintiffs failed to demonstrate a strong possibility that they could not obtain an impartial trial in Putnam County based on their claim that an appearance of impropriety may exist because of the personal and business relationship between Justice Hickman and the defendant Harold Lepler. Therefore, that branch of the plaintiffs' motion which was to change the venue of the action was properly denied (*see, Jablonski v Trost,* 245 AD2d 338; *Sadur v Doctors' Hosp.,* 146 AD2d 691; *Milazzo v Long Is. Light. Co.,* 106 AD2d 495).

Absent a legal disqualification pursuant to Judiciary Law § 14, a Trial Justice is the sole arbiter of recusal (*see, People v Moreno,* 70 NY2d 403; *Matter of Johnson v Hornblass,* 93 AD2d 732). Here, the plaintiffs failed to demonstrate that Justice Braatz improvidently exercised his discretion in failing to recuse himself from the case. Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.