■ BEHRINS & BEHRINS, P.C., Respondent, v PAMELA CHAN, Also Known as PAMELA SOLOMON, Appellant. (Action No. 1.) PAMELA CHAN, Appellant, v BEHRINS & BEHRINS, P.C., Respondent. (Action No. 2.) [833 NYS2d 399]—

In an action to recover an attorney's fee (action No. 1), and an action, inter alia, to recover damages for legal malpractice (action No. 2), which were joined for trial, the defendant in action No. 1 and the plaintiff in action No. 2 appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Ajello, J.), dated December 6, 2006, as denied that branch of her motion which was pursuant to CPLR 510 (2) to transfer venue of the actions from Richmond County to a county in New York City other than Kings County, and preferably to New York County.

Ordered that the order is affirmed, with costs.

A motion to transfer venue pursuant to CPLR 510 (2) is addressed to the sound discretion of the trial court (*see Milazzo v Long Is. Light. Co.*, 106 AD2d 495 [1984]), and its determination will not be disturbed absent an improvident exercise of discretion (*see generally Cannon v City of New York*, 27 AD3d 607 [2006]; *Rizzuto v Aurelia Osborne Fox Mem. Hosp. Socy.*, 265 AD2d 471 [1999]; *Wantanabe Realty Co. v H.B. Singer, Inc.*, 170 AD2d 670 [1991]). The movant is required to produce admissible factual evidence demonstrating a strong possibility that an impartial trial cannot be obtained (*see Field v Schultz*, 288 AD2d 177 [2001]; *DeBolt v Barbosa*, 280 AD2d 821 [2001]; *Albanese v West Nassau Mental Health Ctr.*, 208 AD2d 665 [1994]). Here, the appellant's motion papers consisted of nothing more than conclusory allegations, beliefs, suspicions, and feelings of possible bias against her and were inadequate grounds for the granting of the motion (*see Cohen v Bernstein*, 9 AD3d 573 [2004]; *Warm v State of New York*, 265 AD2d 546 [1999]; *Jablonski v Trost*, 245 AD2d 338 [1997]; *Locker v 670 Apts. Corp.*, 232 AD2d 176 [1996]; *Krupka v County of Westchester*, 160 AD2d 681 [1990]; *Sadur v Doctors' Hosp. of Staten Is.*, 146

AD2d 691 [1989]; *cf. Amann v Caccese*, 223 AD2d 663 [1996]; *Milazzo v Long Is. Light. Co., supra*). Accordingly, the Supreme Court properly denied the appellant's motion to transfer venue (*see generally Mikul v Silverman*, 27 AD3d 625 [2006]). Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.