■ In the Matter of the Estate of CATHY MICHIEL, Deceased. MARK JACKSON, Appellant; JORDAN MICHIEL, Respondent. (And Related Proceedings.) [850 NYS2d 916]—

In a proceeding pursuant to SCPA 2103, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Braslow, S.), dated March 12, 2007, which denied that branch of his motion which was for a change of venue pursuant to CPLR 510 (2).

Ordered that the order is affirmed, with costs.

A motion to change venue pursuant to CPLR 510 (2) is addressed to the sound discretion of the trial court (*see Milazzo v Long Is. Light. Co.,* 106 AD2d 495 [1984]), and its determination will not be disturbed absent an improvident exercise of discretion (*see Behrins & Behrins, P.C. v Chan,* 40 AD3d 560 [2007]). The movant is required to produce admissible factual evidence demonstrating a strong possibility that an impartial trial cannot be obtained (*see Albanese v West Nassau Mental Health Ctr.,* 208 AD2d 665 [1994]). Here, the petitioner failed to meet his burden by offering only conclusory allegations, beliefs, suspicions, and feelings of possible bias or the appearance of impropriety (*see Cohen v Bernstein,* 9 AD3d 573 [2004]; *Warm v State of New York,* 265 AD2d 546 [1999]; *Jablonski v Trost,* 245

AD2d 338 [1997]). Accordingly, the Surrogate's Court properly denied the motion for a change of venue (*see Behrins & Behrins, P.C. v Chan,* 40 AD3d 560 [2007]). Spolzino, J.P., Skelos, Lifson and McCarthy, JJ., concur.