■ Joshua Miller-Frankel, Respondent, v Larry Frankel, Appellant. [940 NYS2d 878]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered August 9, 2011, which denied his motion, in effect, to change the venue of the action from Westchester County to New York County pursuant to CPLR 510 (2).

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the defendant's motion, in effect, to change the venue of the action from Westchester County to New York County pursuant to CPLR 510 (2) is granted, and the Clerk of the Supreme Court, Westchester County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511 [d]).

To obtain a change of venue pursuant to CPLR 510 (2), a movant must produce admissible factual evidence demonstrating a strong possibility that an impartial trial cannot be obtained in the county where venue was properly placed (see Matter of Michiel, 48 AD3d 687 [2008]; Jablonski v Trost, 245 AD2d 338, 339 [1997]; Albanese v West Nassau Mental Health Ctr., 208 AD2d 665, 666 [1994]). Under the circumstances of this case, including the evidence demonstrating a close familial relationship between the plaintiff and a Justice sitting in Westchester County, the protection of the court from even a possible appearance of impropriety requires a change of the venue of the action from Westchester County to New York County (see Amann v Caccese, 223 AD2d 663 [1996]; Burstein v Greene, 61 AD2d 827 [1978]). Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.