In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Ecker, J.), entered August 3, 2011, which denied their motion pursuant to CPLR 510 (2) to change the venue of the action from Orange County to Dutchess County.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs’ motion pursuant to CPLR 510 (2) to change the venue of the action from Orange County to Dutchess County is granted, and the Clerk of the Supreme Court, Orange County, is directed to deliver to the Clerk of the Supreme Court, Dutchess County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511 [d]).
To obtain a change of venue pursuant to CPLR 510 (2), a movant is required to produce admissible factual evidence demonstrating a strong possibility that an impartial trial cannot be obtained in the county where venue was properly placed (see Matter of Michiel, 48 AD3d 687 [2008]; Jablonski v Trost, 245 AD2d 338, 339 [1997]; Albanese v West Nassau Mental Health Ctr., 208 AD2d 665, 666 [1994]). Under the circumstances of this case, including the evidence demonstrating that the defendant is a retired Orange County Supreme Court Justice, who presided in that court for more than two decades, that his relative is a retired Orange County Court Judge, and that the defendant’s daughter is a Support Magistrate in the Orange County Family Court, the protection of the court from even a possible appearance of impropriety requires a change of the venue of the action from Orange County to Dutchess County (see Saxe v OB/GYN Assoc., 86 NY2d 820, 822 [1995]; Kavelman v Taylor, 245 AD2d 9 [1997]; Milazzo v Long Is. Light. Co., 106 AD2d 495 [1984]).
Accordingly, the Supreme Court should have granted the plaintiffs’ motion pursuant to CPLR 510 (2) to change the venue of the action from Orange County to Dutchess County. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.