◼ In the Matter of SAMUEL LOPEZ, Appellant, v AZUCENA LOPEZ, Respondent. [4 NYS3d 912]—

Appeal from an order of the Family Court, Suffolk County (Linda M. Boggio, Ct. Atty. Ref.), dated January 14, 2014. The order, insofar as appealed from, upon granting the father's petition to modify an order of custody and visitation of the Family Court, Queens County (Salvatore J. Modica, J.), dated June 30, 2005, directed that his visitation with the subject child be supervised.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"It is within the sound discretion of the [Family Court] to determine whether visitation should be supervised" (*Cervera v Bressler*, 50 AD3d 837, 839 [2008], quoting *Matter of Morgan v Sheevers*, 259 AD2d 619, 620 [1999]; *see Matter of Custer v Slater*, 2 AD3d 1227, 1228 [2003]), and its determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Cervera v Bressler*, 50 AD3d at 839; *Matter of Khan v Dolly*, 39 AD3d 649, 651 [2007]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]; *Matter of Levande v Levande*, 308 AD2d 450, 451 [2003]). "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Cervera v Bressler*, 50 AD3d at 839, quoting *Matter of Gainza v Gainza*, 24 AD3d 551, 551 [2005]; *see Rosenberg v Rosenberg*, 44 AD3d 1022, 1024 [2007]; *Purcell v Purcell*, 5 AD3d 752, 753 [2004]).

Here, the evidence established that the subject child, who

was 11 years old at the time of the fact-finding hearing, and who has serious physical and mental health challenges, has had very little contact with his father since 2008, and that he became agitated when he saw his father. Accordingly, the Family Court did not improvidently exercise its discretion in directing that the father's visitation with the child be supervised. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.