■ JOHN J. RUTHERFORD, Appellant, v BANKIM PATEL, M.D., et al., Respondents. [10 NYS3d 449]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered October 30, 2013, which granted the separate motions of the defendant Bankim Patel, the defendants North Shore University Hospital and Avram Goldberg, and the defendant Chirag Vasa pursuant to CPLR 510 to change the venue of the action from Queens County to Nassau County.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

"To obtain a change of venue pursuant to CPLR 510 (2), a movant is required to produce admissible factual evidence dem-

onstrating a strong possibility that an impartial trial cannot be obtained in the county where venue was properly placed" (*Pruitt v Patsalos*, 96 AD3d 924, 924 [2012]; *see Miller-Frankel v Frankel*, 93 AD3d 826, 827 [2012]; *Matter of Michiel*, 48 AD3d 687 [2008]; *Behrins & Behrins, P.C. v Chan*, 40 AD3d 560 [2007]). A motion to change venue pursuant to CPLR 510 (2) is addressed to the sound discretion of the trial court and its determination should not be disturbed absent an improvident exercise of discretion (*see Matter of Michiel*, 48 AD3d at 687; *Behrins & Behrins, P.C. v Chan*, 40 AD3d at 560). Under the circumstances of this case, including the evidence demonstrating that the plaintiff has been employed at the Supreme Court, Queens County, since 2001, first as a court officer, and more recently as a senior court clerk, the Supreme Court providently granted the motions for a change of the venue of the action from Queens County to Nassau County, in order to avoid any appearance of impropriety (*see Pruitt v Patsalos*, 96 AD3d at 924; *Miller-Frankel v Frankel*, 93 AD3d at 827; *Amann v Caccese*, 223 AD2d 663 [1996]; *Milazzo v Long Is. Light. Co.*, 106 AD2d 495, 495-496 [1984]; *Burstein v Greene*, 61 AD2d 827 [1978]). Contrary to the plaintiff's contention, the defendants' motions were not untimely (*see* CPLR 511 [a]; *Milazzo v Long Is. Light. Co.*, 106 AD2d at 495-496; *see generally Korman v City of New York*, 89 AD2d 888 [1982]). Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.