■ Joseph F. Lisa, as Administrator of the Estate of Joseph F. Lisa, Jr., Deceased, Respondent, v Samuel Parikh, M.D., et al., Defendants, and Liberato Salvatore, M.D., et al., Appellants. [16 NYS3d 752]—

In an action to recover damages for wrongful death, etc., the defendants Liberato Salvatore and Liberato Salvatore, M.D., P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered March 11, 2014, as denied their motion pursuant to CPLR 510 (2) to change the venue of the action from Queens County to Nassau County, without prejudice to renew.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the appellants' motion pursuant to CPLR 510 (2) to change the venue of the action from Queens County to Nassau County is

granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

On June 27, 2013, the plaintiff, Joseph F. Lisa, as the administrator of the estate of Joseph F. Lisa, Jr., commenced this action to recover damages for wrongful death, etc., against, among others, Liberato Salvatore, M.D., and Liberato Salvatore, M.D., P.C. (hereinafter together the defendants). The defendants moved, pursuant to CPLR 510 (2), to change the venue of the action from Queens County to Nassau County. The Supreme Court denied the motion, without prejudice to renew, and the defendants appeal.

A court, upon motion, may change the place of trial of an action where there is reason to believe that an impartial trial cannot be had in the proper county (*see* CPLR 510 [2]). Generally, a motion for a change of venue is committed to the sound discretion of the trial court (*see Behrins & Behrins, P.C. v Chan*, 40 AD3d 560, 560 [2007]; *Krupka v County of Westchester*, 160 AD2d 681, 681 [1990]; *Milazzo v Long Is. Light. Co.*, 106 AD2d 495, 496 [1984]), and the resolution of such an application will not be disturbed absent an improvident exercise of that discretion (*see e.g. Behrins & Behrins, P.C. v Chan*, 40 AD3d at 560; *Cannon v City of New York*, 27 AD3d 607 [2006]; *Albanese v West Nassau Mental Health Ctr.*, 208 AD2d 665, 666 [1994]).

To succeed on a motion to change venue pursuant to CPLR 510 (2), the movant is required to produce admissible factual evidence demonstrating a strong possibility that an impartial trial cannot be obtained in the county where venue was properly placed (*see Matter of Michiel*, 48 AD3d 687, 687 [2008]; *Albanese v West Nassau Mental Health Ctr.*, 208 AD2d at 666; *Krupka v County of Westchester*, 160 AD2d at 681).

Under the circumstances of this case, the Supreme Court improvidently denied the defendants' motion to change venue. Although he is now retired, the plaintiff's tenure as a Justice of the Supreme Court, Queens County, supports a change of venue of the action from Queens County to Nassau County to "protect[ ] the court from even a possible appearance of impropriety" (*Pruitt v Patsalos*, 96 AD3d 924, 924 [2012]; *see Kavelman v Taylor*, 245 AD2d 9 [1997]; *Milazzo v Long Is. Light. Co.*, 106 AD2d 495, 496 [1984]).

Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 510 (2) to change the venue of this action from Queens County to Nassau County. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.