■ In the Matter of Suzi M. Rodriguez, Respondent, v Andrew Liegey, Appellant. (Proceeding No. 1.) In the Matter of Suzi M. Rodriguez, on Behalf of Cooper Liegey, Respondent, v Andrew P. Liegey, Appellant. (Proceeding No. 2.) [18 NYS3d 161]—

Appeal from an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), dated March 13, 2014. The order, insofar as appealed from, inter alia, after a hearing, granted the mother's petition to modify a prior order of that court dated July 24, 2012, so as to, among other things, limit the father's visitation with the subject child to therapeutically supervised visitation. The appeal brings up for review two orders of that court dated February 7, 2013, and December 3, 2013, respectively, which, inter alia, denied the father's motions, among other things, for recusal.

Ordered that the order dated March 13, 2014, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court providently exercised its discretion in denying his motions, inter alia, for recusal. Where, as here, "no legal basis for disqualification under Judiciary Law § 14 is alleged, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (*Matter of Grucci v Villanti*, 108 AD3d 626, 627 [2013]; *see People v Moreno*, 70 NY2d 403, 405 [1987]). The father failed to set forth any demonstrable proof of bias or prejudgment of the matter to warrant recusal (*see Matter of Grucci v Villanti*, 108 AD3d at 627; *Matter of Alyssa A. [Michelle N.—Sandra N.]*, 79 AD3d

740, 741-742 [2010]; *Vogelgesang v Vogelgesang*, 71 AD3d 1131 [2010]; *Matter of O'Donnell v Goldenberg*, 68 AD3d 1000 [2009]). Further, the father failed to produce evidence demonstrating a strong possibility that an impartial hearing could not be obtained in Orange County since he offered only conclusory allegations, beliefs, suspicions, and feelings of possible bias or the appearance of impropriety (*see Matter of Michiel*, 48 AD3d 687 [2008]; *Behrins & Behrins, P.C. v Chan*, 40 AD3d 560 [2007]; *Jablonski v Trost*, 245 AD2d 338 [1997]; *Krupka v County of Westchester*, 160 AD2d 681 [1990]).

"In determining custody and visitation rights, the most important factor to be considered is the best interests of the child" (*Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091, 1092 [2014]; *see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]). "A court may modify an existing visitation order 'upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests' of the child' " (*Matter of Rosenblatt v Rosenblatt*, 129 AD3d at 1092, quoting *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]). "The determination of visitation is within the sound discretion of the trial court, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Costigan v Renner*, 123 AD3d 825, 825-826 [2014]). Here, the Family Court's determination that it was in the subject child's best interests to modify a prior order of custody and visitation so as to, inter alia, limit the father's visitation with the subject child to therapeutically supervised visitation, has a sound and substantial basis in the record (*see Matter of Lopez v Lopez*, 127 AD3d 974 [2015]; *Matter of Costigan v Renner*, 123 AD3d at 826).

The father's remaining contentions are without merit. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.