Levine v North Shore Long Is. Jewish Healthcare Sys., Inc. (2018 NY Slip Op 05148)





Levine v North Shore Long Is. Jewish Healthcare Sys., Inc.


2018 NY Slip Op 05148


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-04403
 (Index No. 3834/13)

[*1]Samuel M. Levine, etc., appellant, 
v
North Shore Long Island Jewish Healthcare System, Inc., etc., et al., respondents.


Mitchell L. Perry, Briarcliff Manor, NY, for appellant.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY (Christopher Simone and Christopher Theobalt of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 14, 2016. The order denied the plaintiff's motion for recusal and to change venue of the action from Nassau County to Queens County.
ORDERED that the order is affirmed, with costs.
In 2013, the plaintiff, individually and as the administrator of his wife's estate, commenced this action in the Supreme Court, Nassau County, against the defendants to recover damages for medical malpractice and wrongful death. The plaintiff had been a Nassau County District Court judge from 1996 through 1999. After a number of justices recused themselves from presiding over this action, Justice Thomas A. Adams was assigned to preside over this action.
The plaintiff moved to recuse Justice Adams, asserting that most of the Nassau County Supreme Court justices knew the plaintiff and about his political campaigns. In addition, the plaintiff sought a change of venue to Queens County, contending that, since the defendant medical organization advertised heavily in the local newspaper claiming that it provided excellent treatment, the local jury pool could be improperly influenced. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Where, as here, there is no legal disqualification for recusal required under Judiciary Law § 14, "a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405; see Matter of Bonefish Grill, LLC v Zoning Bd. of Appeals of Vil. of Rockville Ctr., 153 AD3d 1394, 1397; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 856; Silber v Silber, 84 AD3d 931, 932; Matter of O'Donnell v Goldenberg, 68 AD3d 1000). "A court's decision in this respect may not be overturned unless it was an improvident exercise of discretion" (D'Andraia v Pesce, 103 AD3d 770, 771; see Wells Fargo Bank, N.A. v Chaplin, 144 AD3d 1021, 1023).
Here, the Supreme Court providently exercised its discretion in denying that branch [*2]of the plaintiff's motion which was for recusal, since the plaintiff failed to set forth any proof of bias or prejudice on the part of Justice Adams warranting recusal (see Matter of Oteri, 137 AD3d 917, 917-918; Galanti v Kraus, 98 AD3d 559; Hayden v Gordon, 91 AD3d 819, 822; Matter of O'Donnell v Goldenberg, 68 AD3d at 1000).
Moreover, "[a] motion to change venue pursuant to CPLR 510(2) is addressed to the sound discretion of the trial court, and its determination will not be disturbed absent an improvident exercise of discretion" (Matter of Michiel, 48 AD3d 687, 687 [citation omitted]; see Behrins & Behrins, P.C. v Chan, 40 AD3d 560, 560). "The movant is required to produce admissible factual evidence demonstrating a strong possibility that an impartial trial cannot be obtained" (Matter of Michiel, 48 AD3d at 687). Here, the plaintiff's motion papers consisted of nothing more than conclusory allegations, beliefs, suspicions, and feelings of possible bias against him, and he failed to produce evidence demonstrating that he could not obtain an impartial trial in Nassau County (see Matter of Rodriquez v Liegey, 132 AD3d 880, 881; Matter of Michiel, 48 AD3d at 687; Behrins & Behrins, P.C. v Chan, 40 AD3d at 560).
The plaintiff's remaining contentions are improperly raised for the first time on appeal (see generally Costa v Sterling Equip., Inc., 123 AD3d 649, 650).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court