Sowell v Gansburg (2018 NY Slip Op 06958)





Sowell v Gansburg


2018 NY Slip Op 06958


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-04606
 (Index No. 4839/16)

[*1]Ruth Jacobs Sowell, appellant,
v Israel Gansburg, respondent.


Bruce S. Reznick, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
James G. Bilello (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 7, 2017. The order granted the defendant's motion to change the venue of the action from Kings County to New York County.
ORDERED that the order is affirmed, with costs.
On July 22, 2016, the plaintiff commenced this personal injury action in the Supreme Court, Kings County. The defendant's residence was the basis for placing venue in Kings County (see CPLR 503[a]). The defendant moved pursuant to CPLR 510(2) and 511(a) to change the venue of the action from Kings County to New York County on the ground that an impartial trial could not be obtained in Kings County. The Supreme Court granted the defendant's motion. The plaintiff appeals.
To obtain a change of venue pursuant to CPLR 510(2), a movant is required to produce admissible factual evidence demonstrating a strong possibility that an impartial trial cannot be obtained in the county where venue was properly placed (see Rutherford v Patel, 129 AD3d 933, 933-934; Pruitt v Patsalos, 96 AD3d 924; Matter of Michiel, 48 AD3d 687, 687). A motion to change venue pursuant to CPLR 510(2) is addressed to the sound discretion of the trial court (see Milazzo v Long Is. Light. Co., 106 AD2d 495, 496), and its determination will not be disturbed absent an improvident exercise of discretion (see Lisa v Parikh, 131 AD3d 1135, 1136).
Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 510(2) to change the venue of this action from Kings County to New York County in order to avoid any appearance of impropriety (see Lisa v Parikh, 131 AD3d at 1136; Rutherford v Patel, 129 AD3d at 934; Pruitt v Patsalos, 96 AD3d 924).
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court