Matter of A.C. v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 00943)

Matter of A.C. v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 00943

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 150114/22 Appeal No. 17390 Case No. 2022-03853 

[*1]In the Matter of the Application of A.C., Petitioner-Respondent,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, 342 E. 67 Realty LLC, Respondent-Appellant.

Kucker Marino Winiarsky & Bittens LLP, New York (Eric R. McAvey of counsel), for appellant.
Newman Ferrara LLP, New York (Roger A. Sachar, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered on or about March 10, 2022, which, to the extent appealed from, denied in part respondent's cross motion pursuant to CPLR 510(2) for a change of venue from New York County to a county outside the territorial limits of the First Judicial Department and transferred venue to Bronx County, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the cross motion granted in its entirety, and venue transferred to Kings County.
The court's transfer of this article 78 proceeding to Bronx County, where petitioner formerly presided as a Judge of the Family Court, was an improvident exercise of discretion because permitting petitioner to adjudicate the matter in that county would create a "possible appearance of impropriety" (Rothwax v Spicehandler, 161 AD2d 184, 185 [1st Dept 1990]; see Lisa v Parikh, 131 AD3d 1135, 1136 [2d Dept 2015]). For the same reason, the proceeding should not be adjudicated in New York County, where petitioner currently serves as an Acting Justice of the Supreme Court. To ensure the impartiality of the proceedings, and under the totality of the circumstances, the venue should be transferred to Kings County, as requested by respondent. Having the matter adjudicated in Kings County would not inconvenience the parties, given its proximity to New York County and the lack of witnesses anticipated in this article 78 proceeding.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023