DiSalvo v U-Haul, Inc. (2026 NY Slip Op 50102(U))

[*1]

DiSalvo v U-Haul, Inc.

2026 NY Slip Op 50102(U)

Decided on January 30, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 30, 2026
Supreme Court, Kings County

Lucinda DiSalvo and JEANETTE EVANS, Plaintiff,

againstU-Haul, Inc., JOHN DOE name fictitious, intended being that of the operator, 
 BEN Y. LIN, AND UBER TECHNOLOGIES INC., U-HAUL CO. of ARIZONA, INC., U-HAUL CO. OF NEW YORK AND VERMONT, INC., U-HAUL INTERNATIONAL, INC., 
 and U-HAUL HOLDING COMPANY, Defendants.

Index No. 511133/2025

Cerchione Hurowitz Law Group, LLP, New York City, for Plaintiff.Gartner + Bloom, P.C., New York City, for Defendant Uber Technologies, Inc.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 40-47, 51-60.
Upon the foregoing papers, the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon, this constitutes the decision and order of the Court.
Defendant Uber Technologies, Inc. moves herein for an order pursuant to CPLR 511 (b) for a change of venue to Richmond County.
Plaintiffs Lucinda DiSalvo and Jeanette Evans, residents of Richmond County, commenced the instant action against Defendants in Supreme Court, Kings County, alleging personal injuries proximately resulting from a motor vehicle accident which occurred on December 2, 2023, on the Belt Parkway eastbound at or near the southbound Flatbush Avenue exit ramp, in the County of Kings, City and State of New York. Plaintiffs were passengers in the vehicle owned by Defendant Ben Y. Lin.
A separate matter, an Article 75 special proceeding to stay Uber Technologies, Inc. from proceeding to arbitration against Lucinda DiSalvo and Jeanette Evans, captioned Matter of DiSalvo v Uber Technologies, Inc.[FN1]
, was commenced on May 13, 2025, under Index No. 515895/2025, in Supreme Court, Kings County. In that special proceeding, two Justices of Supreme Court, Kings County, recused themselves due to either knowing Plaintiff DiSalvo or someone in the chambers knowing her. Apparently, Plaintiff DiSalvo was a longtime employee in Supreme Court, Kings County, even having even been presented with a Court Employee of the Year award in 2014.
Moving Defendant argues, "Movant does not expressly state that bias or impropriety will occur should this matter remain venued in Kings County. Movant does not seek to prejudice Plaintiffs based on Plaintiff Disalvo's[[FN2]
] successful career as an employee in Kings County Supreme Court. However, in accordance with the legal standards further articulated herein, in order to avoid 'even a possible appearance of impropriety', it is respectfully requested this matter be moved to Richmond County" (NYSCEF Doc No. 41 ¶ 11 [citation omitted]).[FN3]

In support of its motion for a change of venue, moving Defendant cites to several decisions. As argued:
13. Courts routinely grant motions to change venue under similar circumstances to "protect the court from even a possible appearance of impropriety". (Pruitt v Patsalos, 96 AD3d 924 (2nd Dept. 2012)).14. In Pruitt, the Appellate Division, Second Department reversed an Orange County decision denying Plaintiffs' motion to change venue, as the defendant was "a retired Orange County Supreme Court Justice, who presided in that court for more than two decades his relative is a retired Orange County Court Judge, and defendant's daughter is a Support Magistrate in the Orange County Family Court." Id.15. In Milazzo v. Long Island Lighting Co., 106 AD2d 495 (2nd Dept. 1984) Defendant moved to change venue and place of trial of an action venued in Kings County, as the Plaintiff was a law secretary to two Justices in the Supreme Court, Kings County. The Defendant asserted "that there will be a possibility of bias or of an appearance of impropriety if the trial is held in that court, since Mr. Milazzo has a confidential relationship with two of its Justices and presumably knows many of the Justices in that court and sees and works with them on a frequent basis." Id.16. Similarly, Plaintiff Disalvo has worked as an executive secretary at Kings County Supreme Court, and movant seeks to avoid the possibility of bias or the appearance of impropriety if this matter remains venued in Kings County, with the basis that two Justices have already recused themselves, and that Plaintiff Disalvo would presumably know many other Justices or clerks who are located in Kings County.17. In Lisa v Parikh, 131 AD3d 1135 (2nd Dept. 2015), the Second Department similarly reversed an order denying defendants' motion to change venue in a case venued in Queens County wherein the plaintiff was a retired Justice in Queens County.18. In Rutherford v Patel, 129 AD3d 933 (2nd Dept. 2015), the Second Department affirmed a Queens County decision which granted defendants' motion to change venue in a matter where the plaintiff worked as a court officer in Queens County and was actively employed as a clerk in Queens County.19. Changing the venue from Kings County to Richmond County is necessary under the circumstances to avoid a possibility of bias or of an appearance of impropriety, and Richmond County is an appropriate venue as both Plaintiffs reside in Richmond County. (NYSCEF Doc No. 41 ¶¶ 13-19.)Plaintiffs argue in opposition that venue was properly placed in Kings County pursuant to CPLR 503 based upon the location of the occurrence. The special proceeding, to be argued on March 2, 2026, is before Justice Peter Sweeney, who has not issued any order of recusal. Also, moving Defendant did not comply with CPLR 511's procedural requirements in that moving Defendant did not serve a written demand for a change of place of trial. Relief sought under CPLR 510 (2), which provides for a court changing the place of trial due to an impartial trial not being able to be had, is discretionary. Moving Defendant needs to show that there is a strong possibility that an impartial trial cannot be had in the county where venue was properly placed, and moving Defendant has not done so.
The Court notes that Uber Technologies, Inc. moved for a change of venue pursuant to CPLR 511 (b), which provides:
(b) Demand for change of place of trial upon ground of improper venue, where motion made. The defendant shall serve a written demand that the action be tried in a county he specifies as proper. Thereafter the defendant may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant. Defendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper.As Plaintiff pointed out, moving Defendant did not serve a written demand that the action be tried in Richmond County. However, rather than determine this motion on procedural [*2]grounds, the Court deems it more suitable to address the underlying basis for the motion, to wit, Plaintiff DiSalvo's having worked in the past in Supreme Court, Kings County.
Subdivision (E) of 22 NYCRR 100.3 requires a judge to disqualify himself in a proceeding in which the judge's impartiality might reasonably be questioned, including certain designated circumstances. None of those circumstances apply here. For example, this Court has no personal knowledge of the underlying facts of this case and has no personal interest in it, this matter does not involve any family member of this Court, and no family member of this Court is an attorney in the matter.[FN4]

"Similarly unavailing is the appellant's claim that a strong possibility of bias exists because the plaintiff is a Family Court employee who works in the building where the trial is to be held. There is no evidence that the plaintiff has any connection or familiarity with the Trial Justice or any other relevant Supreme Court personnel so as to create an appearance of impropriety in this case (cf., Milazzo v Long Is. Light. Co., 106 AD2d 495; De Luca v CBS Inc., 105 AD2d 770; Burstein v Greene, 61 AD2d 827)" (Krupka v County of Westchester, 160 AD2d 681 [2d Dept 1990]). "Mere belief, suspicion or feeling are not sufficient grounds for the granting of [a] motion [for change of venue]" (Clausi v Hudson Cement Co., 26 AD2d 872, 873 [3d Dept], cited in Jablonski v Trost, 245 AD2d 338, 340 [2d Dept 1997]).
At the outset, the Court states that venue was properly laid in Kings County, where the subject accident occurred. Insofar as Defendant Uber Technologies, Inc. is concerned that Plaintiff DiSalvo was a longtime employee in Supreme Court, Kings County, the Court states that it never heard of her before this motion appeared on the calendar and the Court began reviewing the motion papers. With all due respect to Plaintiff DiSalvo, from what the Court read about her in the motion papers, while she was a devoted public servant, she does not appear to be a prominent person, and from among the two million plus adult population of Kings County a jury of people not knowing Plaintiff DiSalvo could be drawn, especially since she does not reside therein.
Moreover, there are sufficient Justices in Supreme Court, Kings County to try the case who also never knew Plaintiff DiSalvo and who likewise would not recognize her. She is not working in the court presently; her last employment was as an executive secretary for a Justice in 2021, according to her affidavit. Based on the Court's knowledge, there are at least ten Justices presently who were neither judges nor law clerks in Supreme Court, Kings County, in 2021. By the time this action comes up for trial — 2027 at the earliest — there will be even more.
The instant situation is unlike that in other reported decisions of the Appellate Division Second Department, where a change of venue was ordered, such as Rutherford v Patel (129 AD3d 933 [2d Dept 2015] [plaintiff was employed at court for 14 years, first as a court officer, and then as senior court clerk]); Lisa v Parikh (131 AD3d 1135 [2d Dept 2015] [plaintiff was retired Justice]); Pruitt v Patsalos (96 AD3d 924 [2d Dept 2012] [defendant was retired Justice, who presided in court for more than two decades, relative was a retired County Court Judge, and [*3]defendant's daughter was Support Magistrate in Family Court]); and Milazzo v Long Island Lighting Co. (106 AD2d 495 [2d Dept 1984] [plaintiff at that time had confidential relationship with two of court's Justices]).
An impartial trial can be had in Kings County in this case. No appearance of impropriety would ensue due to the matter being tried in this county.
Accordingly, it is hereby ORDERED that Defendant Uber Technologies, Inc.'s motion for a change of venue to Richmond County is DENIED.

Footnotes

Footnote 1:Although the notice of petition did include "Matter of," the Court uses such term inasmuch as the matter was a special proceeding. For a discussion of the nature of special proceedings and actions see Hans Gaston v Sunshine (— Misc 3d —, 2025 NY Slip Op 25241 [Sup Ct, Kings County 2025]).

Footnote 2:Moving Defendant misspelled Defendant DiSalvo's last name with a lower case "s" instead of a capital "S."

Footnote 3:Plaintiff Jeanette Evans, who has not worked in Supreme Court, Kings County, is a high school friend of Plaintiff DiSalvo, according to the latter's affidavit.

Footnote 4:Having researched the family tree for decades, this Court can confidently say that there are no other attorneys in the family at least to the fifth degree of consanguinity. While this Court is blessed with three beautiful grandchildren and is expecting a fourth, they are not yet even of elementary school age, but the hope remains that eventually there will be another attorney in the family.